RECEIVED
SDNY DOCKET UNIT
2019 SEP 16 PM 1: 35

ORIGINAL

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

---------------------------------------------------------------x

JONATHAN KUHL

: INDEX: 19-cv-8403

     Plaintiff

v.

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER
TRUSTEE FOR LEGACY MORTGAGE
ASSET TRUST 2018GS-1, MTGLQ
INVESTORS, LP and RUSHMORE LOAN
MANAGEMENT SERVICES LLC

: ORDER TO SHOW
: CAUSE

     Defendants

---------------------------------------------------------------x

On reading and filing the affidavit of the self-represented plaintiff, Jonathan Kuhl, Dated September 12, 2019, and all the pleading and papers had to before, it is hereby

ORDERED that Rushmore Loan Management Services LLC show cause before this court at the courthouse, 300 Quarropas St., White Plains, N.Y. on _____ at _____ AM/PM why an Order should not issue from this court directing Rushmore to immediately release to Mr. Kuhl $76,250 in insurance settlement funds which it hold and which it had agreed to pay him previously.

LET service this order by Express Mail on Rushmore Loan Management Service LLC at 15480 Canyon Rd., Irvine, CA and U.S. Bank Trust NA at 800 Nicollet Mall, Minneapolis, Minn. 55402 on or before _____ be considered good and sufficient service.

SO ORDERED:

_____  Dated: Sept. __, 2019

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

------------------------------------------------------------x
JONATHAN KUHL                                               :
                                                            : INDEX: 19-cv-8403
                                                            :
     Plaintiff                                             :
                                                            :
v.                                                          :
                                                            :
U.S. BANK TRUST NATIONAL                                    :
ASSOCIATION, NOT IN ITS INDIVIDUAL                          :
CAPACITY BUT SOLELY AS OWNER                                :
TRUSTEE FOR LEGACY MORTGAGE                                 :
ASSET TRUST 2018GS-1, MTGLQ                                 : AFFIDAVIT IN
INVESTORS, LP and RUSHMORE LOAN                             : SUPPORT OF
MANAGEMENT SERVICES LLC                                     : ORDER TO SHOW
                                                            : CAUSE
     Defendants                                            :
------------------------------------------------------------x

     JONATHAN KUHL states and deposes as follows:

1. I am the plaintiff in this action and familiar with the facts. I submit this affidavit in support of my motion, brought on by Order to Show Cause, seeking an Order directing Rushmore Loan Management Services Inc. ("Rushmore") to immediately release to me $76,250 of the funds I received on an insurance claim based on the destruction of my garage/workshop at 115 South Quaker Lane, Hyde Park, N.Y.

2. The details of this claim as directed at Rushmore are spelled out in the complaint, a copy of which is attached, but are briefly summarized here.

1

23. The garage/workshop on my property was completely destroyed in a fire seven months ago in February of 2019. I was seriously burned in the fire. Since then, my income has been severely restricted and I have had trouble keeping up my mortgage payments.

24. On April 12, 2019, the insurance company sent $151,877 to Rushmore, the loan servicer for U.S. Bank Trust N.A., my apparent mortgage holder which funds were placed in escrow. Rushmore then told me on April 22, 2019 it was sending me one third of the insurance proceeds ($50,625) but in fact only sent me $25,000. It said it would send me an additional one third (or another $50,625) when the work was 40 percent completed. On July 9, 2019, a Rushmore agent inspected the work in progress and told me he was advising the loan servicer that the work was 50 percent completed.

25. Since then, I have had a series of phone calls from Rushmore as recently as last Thursday indicating it was sending me more money, without saying how much, and no money was ever sent,

26. I have two contracts which if I can get my workshop functioning will pay me enough to bring my mortgage payments up to date, but even without full payment I need the promised $75,000 to at least get my workshop partially working to start that work.

2

27, U.S. Bank Trust was served in Minneapolis on Friday. Service was attempted on Rushmore Loan in California on Thursday, but the company refused to accept the papers from a process server,

28 Last week I received in the mail a Notice of Pendency, but I have not been served with a foreclosure complaint, nor has anyone in my household and there has been nothing posted on my premises.

29. Without the insurance settlement funds improperly held in escrow by Rushmore, I face immediate and irreparable harm --- the loss of my home and my source of income --- and I have no remedy at law.

29. Pursuant to 18 USC 1621, I swear that the above statements are true under penalty of perjury. The relief sought by this motion has not been previously asked of this court or any other court.

WHEREFORE, I ask that an Order issue from this court directing Rushmore to immediately release to me $76,250 of the insurance proceeds from my claim currently held in its escrow accounts, together with such other and further relief as the court deems just.

Respectfully,

*[signature: Jonathan Kuhl]*

Jonathan Kuhl, *pro se*

DATED: September 16, 2019

1

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

------------------------------------------------------------x
JONATHAN KUHL                              :
                                                                            : INDEX:

    Plaintiff                              :

v.                                         :

U.S. BANK TRUST NATIONAL                   :
ASSOCIATION , NOT IN ITS INDIVIDUAL        :
CAPACITY BUT SOLELY AS OWNER               :
TRUSTEE FOR LEGACY MORTGAGE                :
ASSET TRUST 2018GS-1,  MTGLQ               :
INVESTORS, LP and RUSHMORE LOAN            :        :
MANAGEMENT SERVICES LLC                    : COMPLAINT

    Defendants                             :
------------------------------------------------------------x

        Plaintiff Jonathan Kuhl complains as follows:

## PRELIMINARY STATEMENT

1. This action concerns the mortgage on Mr. Kuhl's home at 11 Melanie Way, Hyde Park, N.Y.  On February 14, 2019, LSF8 Master Participation Trust ("LSF8") belatedly recorded the assignment of the mortgage on Mr. Kuhl's home to MTGLQ Investors LP. ("MTGLQ") The very same day. MTGLQ assigned Mr. Kuhl's mortgage to U.S. Bank National Association Not In Its Individual Capacity But Solely as Owner Trustee for Legacy Mortgage Asset Trust 2018 GS1. ("The Trust")

1

2. More than 30 days have passed since that date, and Mr. Kuhl has not received notice of the assignments. These are violations of 15 USC 1641 g.

3. In or around February of 2019, the garage/workshop on Mr. Kuhl's home burned to the ground and the plaintiff himself was badly injured. Because of this, Mr. Kuhl's income for the last six months has been severely impaired.

4. The premises were insured by Great American Insurance Group. ("GAIC") On April 12, 201, GAIG e-mailed Mr. Kuhl that it has approved his claim relating to the fire, and sent $151,877 to the loan servicer, Rushmore Loan Management Services. ("Rushmore").

5. On April 22, 2019. Rushmore wrote Mr. Kuhl that it was releasing one third of the insurance proceeds (or $50,625) to him so he could start work. Instead, without explanation, it short-changed him by sending only $25,000.

6. The April 22, 2019 letter also said that an additional one third (Or $50,625) would be sent to him as soon as an inspector viewed the premises and reported that the work was at least 40 percent complete.

7. On July 9, 2019 after an inspection, Rushmore's agent told Mr. Kuhl he was satisfied that the work had been 50 percent completed and he would advise Rushmore of that.

8. To date, Rushmore has released only the initial $25,000 of the

2

insurance proceeds holding back on what Mr. Kuhl asserts are pretextual grounds not mentioned in its April 22, letter. He has work offers which have been held in abeyance until he can get his workshop "up and running" which would cure any delinquent payments. [1]

9. He asks actual and statutory damages against MTGLQ and the Trust pursuant to 15 USC 1641; equitable relief against Rushmore ordering it to pay the balance of the insurance proceeds so he can repair his garage/worship; damages against Rushmore. See seeks damages from Rushmore as escrow holder for breach of fiduciary duty

## JURISDICTION

10. This court has jurisdiction pursuant to 28 USC 1331 because this action involves a law or statute of the United States. Alternatively, it has jurisdiction under 28 USC 1332 because the plaintiff and all defendants are citizens of different states.

## PARTIES

11. Mr. Kuhl resides at 11 Melanie Way, Hyde Park, N.Y.

12. U.S. Bank Trust N.A. has a principal office at 180 South 54th St., St. Paul, Minn.

---

[1] Under the terms of his mortgage, Mr. Kuhl could designated the garage/shop unrepairable and ask that the $157,877 insurance proceeds be paid again his mortgage, but he has elected to have it rebuilt and by resuming work, cure any mortgage shortfalls with the proceeds of the pending contracts.

3

13. MTGLQ Investors LLC according to the mortgage assignment it recorded with the Dutchess County clerk has offices at 6011 Connection Dr., Irving TX.

14. Rushmore Home Loans Management has a principal office at 15480 Canyon Rd., Irvine, CA.

15. Legacy Mortgage Asset Trust 2018 GS 1 is a Delaware statutory trust and U.S. Bank Trust N.A. is its registered agent for service.

## FACTUAL ALLEGATIONS

16. In 2004 Mr. Kuhl took a $229,853. Mortgage on his home with Household Finance Realty. On March 13,2014, his mortgage was assigned to LSF8 Master Participation Trust. On April 6, 2018, LSF8 appears to have assigned the mortgage to MTGLQ, but the assignment was not recorded with the Dutchess County t Clerk until February 14, 2019. That same day, MTLG filed an assignment of the Kuhl mortgage to the present Trust.

17. Neither MTGLQ nor the present Trust has ever provided Mr.. Kuhl with the notifications required by 15 USC 1641 g and more than 30 days have transpired from the mortgage assignments.

18. As noted above, Rushmore has short-changed Mr. Kuhl $25,000 for the first payment it said it was sending to him, and not released the additional $25,000 when the work was 40 percent completed.

## AS AND FOR A FIRST CAUSE OF ACTION
### As Against U.S. Bank National Association Not In Its Individual Capacity but Solely as Owner Trustee for Legacy Mortgage Asset Trust 2018 GS1
### Violation of 15 USC 1641 g

40. Plaintiff repeats the allegations set forth above as if more full set forth below.

41. The "Helping American Families Save Their Homes Act," (15USC §1641 (g)) is part of TILA. It requires that "in addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including the identity, address, telephone number of the new creditor; the date of transfer; how to reach an agent or party having authority to act on behalf of the new creditor; the location of the place where transfer of ownership of the debt is recorded; and any other relevant information regarding the new creditor."

42. The Kuhl mortgage was assigned to the current Trust on March 14, 2019. More than 30 days have transpired since then, and it has not provided Mr. Kuhl with the disclosures required ay 15 USC 1641 g.

## AS AND FOR A SECOND CAUSE OF ACTION
### As Against MTLG - Violation of 15 USC 1641 g

43. Plaintiff repeats the allegations set forth above as if more fully set forth below.

44. The Kuhl Mortgage was apparently assigned to MTGLQ Investors LLC on April 6, 2018, but Mr. Kuhl has never received the documentation from its required by 15 USC 1641 g. That statute of limitations on TILA violations is one year, but the April 6, 2018 transfer was not publicly recorded until February 14, 2019, equitably tolling the SOL until then.

## AS AND FOR A THIRD CAUSE OF ACTION
### As against Rushmore Loan Management – Breach of Fiduciary Duty

45. Plaintiff repeats and re-alleges the allegations set forth above as if more fully set forth below.

46. When Rushmore placed $157,877 of the insurance proceeds in escrow, it became Mr. Kuhl's fiduciary and he its dependent. A fiduciary duty requires a party to place the interests of the other before his own but Rushmore, without explanation, has withheld $50,000+ in insurance proceeds belonging to the plaintiff.

47. Without a garage/shop. Mr. Kuhl has suffered to date some $50,000 in lost work white it appears it is withholding the monies due the plaintiff for no bona fide reason.

6

## AS AND FOR A FOURTH CAUSE OF ACTION
### As Against Rushmore Loan Management - Equitable Relief

48. Plaintiff repeats and re-alleges the allegations set forth above as if more fully set forth below.

49. Mr. Kuhl has been damages and will continue to be damaged by Rushmore's unreasonable and pretextual reasons for not releasing the insurance funds to him. He seeks an Order from the court for it to forthwith pay him the $25,000 it said it was including in its first payment, and the $50,000 due since the work was 40 percent complete.

WHEREFORE, Mr. Kuhl demands as follows:

- From U.S. Bank National Association Not In Its Individual Capacity But Solely as Owner Trustee for Legacy Mortgage Asset Trust 2018 GS1. Actual and statutory damages for willful violations of 15 USC 1641 g.

- From MTGLQ Investors LP Actual and statutory damages for willful violations of 15 USC 1641 g.

- From Rushmore Home Loan Management, $30,000 for lost business resulting from its delay in paying the insurance proceeds to him.

- Against Rushmore Home Loan Management and order directing the immediate payment of $75,000 from the insurance funds due Mr. Kuhl which it is holding in escrow.

7

- Together with such other and further relief as the court deems just.

Respectfully,


Jonathan Kuhl, *pro se*   September 7, 2019
11 Melanie Way
Hyde Park, N.Y.
845.393.2257