

| | |
|---|---|
| Frank E. Morreale<br>T 904.665.3651<br>frank.morreale@nelsonmullins.com | NELSON MULLINS RILEY & SCARBOROUGH LLP<br>ATTORNEYS AND COUNSELORS AT LAW<br><br>50 N. Laura Street, 41st Floor<br>Jacksonville, FL 32202<br>T 904.665.3600  F 904.665.3641<br>nelsonmullins.com |

October 8, 2019

**By ECF**

Honorable Vincent L. Briccetti
United States District Court for the
Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

      RE:   *Kuhl v. U.S. Bank National Trust Assoc., etc., et al.*
              <u>Case No. 7:19-cv-08403-VB (S.D.N.Y., filed Sept. 10, 2019)</u>

Dear Judge Briccetti:

      We represent one of the three defendants in this civil action, MTGLQ Investors, LP ("MTGLQ"), and write pursuant to Rule 1.B of Your Honor's Individual Practices to request a telephonic conference prior to moving to dismiss the sole claim for relief in the four-count complaint against MTGLQ pursuant to Rule 12(b)(6). We also request, pursuant to Rule 1.G, an extension of time for all defendants to respond to the complaint until a reasonable time after the telephonic conference or the denial of MTGLQ's request for a telephonic conference.

*Case Background*

      This action is a combination of two factually separate claims that are not substantially related. Through part of its complaint, Plaintiff alleges that its residential mortgage loan servicer, defendant Rushmore Loan Management Services LLC ("Rushmore"), has improperly withheld insurance proceeds received as a result of fire damage to Plaintiff's "garage/workshop." (*See* Complaint at ¶¶ 3-8.) Plaintiff has asserted claims for breach of fiduciary duty (Count 3) and for equitable relief (Count 4) against Rushmore. Plaintiff has twice sought preliminary *ex parte* relief against Rushmore; both requests have been denied. (*See* D.E. #5, #8.) MTGLQ is entirely uninvolved with Plaintiff's potentially contentious dispute with Rushmore.

      Through the other part of the civil action – the part that involves MTGLQ – Plaintiff argues that both MTGLQ and the third co-defendant ("U.S. Bank") violated 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA") by failing to notify Plaintiff in writing of

October 8, 2019
Page 2

assignments of Plaintiff's mortgage loan within 30 days of the assignments. (*See* Complaint at ¶¶ 1-2, 16-17, 42, 44.) Plaintiff has alleged that U.S. Bank should have notified Plaintiff of an assignment in April 2019 (*id.* at ¶ 42; Count 1), and that MTGLQ should have notified Plaintiff of a different, prior assignment in May 2018 (*id.* at ¶¶ 16; Count 2).[1] Plaintiff concedes that the one-year statute of limitations bars his sole claim for relief against MTGLQ, but suggests that equitable tolling may preserve his claim. (*Id.* at ¶ 44.) That argument has been rejected by this Court when considering substantially similar allegations: "Equitable tolling is unavailable here. The plaintiff has pleaded no facts that could lead to the inference that the defendants wrongfully concealed any material facts above and beyond the alleged TILA violations themselves." *See Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp.3d 277, 291-92 (S.D.N.Y. 2017) (granting motion to dismiss TILA claim as time-barred and rejecting equitable tolling argument).

*Request for a Pre-Answer Telephonic Conference*

MTGLQ seeks a teleconference before preparing its motion to dismiss for two reasons. First, Your Honor's Individual Practices do not provide for letter-motions or a pre-motion conference for motions to dismiss. Here, MTGLQ respectfully submits that fully briefing a narrow legal issue where there is little room for debate is inefficient for the parties and the Court, particularly because the TILA allegations appear to be secondary to the core allegations about the insurance proceeds. Second, Individual Practice Rule 2.D. ("Special Rules for Motions to Dismiss") may not be fully understood by a *pro se* plaintiff, particularly in an action in which some defendants will answer and others may move to dismiss the complaint. If, for example, MTGLQ files a motion to dismiss and Rushmore thereafter files an answer during the 10-day period before Plaintiff notifies the Court that it intends to file an amended complaint, Rushmore will have prepared an answer that will have to be amended. In any event, an amendment appears to be inevitable for the additional reason that the complaint omits numbered paragraphs 19 through 39.

Moreover, a telephonic conference could be a useful opportunity for a *pro se* plaintiff to provide contact information to opposing counsel and the Court, as well as to address Plaintiff's serial demands for *ex parte* preliminary relief and otherwise coordinate three defendants' initial responses to the complaint. Consistent with Your Honor's appreciation for brevity (*see* Rule 2.C.), MTGLQ will also seek Your Honor's permission to file its motion to dismiss as a letter-motion.

*Request for Extension of Defendants' Time to Answer or File a Motion to Dismiss*

MTGLQ was served on September 24, 2019. The last day for MTGLQ to respond is October 15, 2019. There have been no previous requests for an extension. MTGLQ

---

[1] Plaintiff's allegation that MTGLQ has never provided the required notice (*see* Complaint at ¶ 17) overlooks the Notice of Assignment enclosed as Exhibit 1.

October 8, 2019
Page 3

has not obtained the consent of any other party for two reasons. First, contact information is not yet available because the co-defendants have not yet filed notices of appearance and Plaintiff did not include his e-mail address or telephone number with the complaint. Second, Plaintiff is proceeding *pro se.* We prefer to avoid oral communications with *pro se* parties, particularly regarding procedural matters. We also prefer to avoid the delays associated with communicating by mail service. MTGLQ seeks this extension to allow time for the requested telephonic conference before beginning to prepare its motion to dismiss.

Respectfully submitted,

Frank Morreale
Lisa A. Herbert

Enclosure

cc:   Jonathan Kuhl (by ECF and U.S. mail to
      115 South Quaker Lane, Hyde Park, NY 12538)

~#4842-7636-9576 v.1~