

**NELSON MULLINS**

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

280 Park Avenue | 15th Floor West
New York, NY 10017
T 646.428.2600  F 646.428.2610
nelsonmullins.com

Lisa A Herbert
T 644.428.2642
lisa.herbert@nelsonmullins.com

October 15, 2019

**By ECF**

Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

      RE:   *Kuhl v. U.S. Bank National Trust Assoc., etc., et al.*
               <u>Case No. 7:19-cv-08403-VB (S.D.N.Y., filed Sept. 10, 2019)</u>

Dear Judge Briccetti:

     We represent one of the three defendants in this civil action, MTGLQ Investors, LP ("MTGLQ").  MTGLQ submits this letter motion seeking to dismiss the sole claim for relief against it pursuant to the Court's October 8, 2019 Order allowing MTGLQ to file its motion to dismiss by letter brief and in accordance with Rule 12(b)(6).

*Case Background*

     This action is a combination of two factually separate events that are not substantially related.  Through part of its complaint, Plaintiff alleges that its residential mortgage loan servicer, defendant Rushmore Loan Management Services LLC ("Rushmore"), has improperly withheld insurance proceeds received as a result of fire damage to Plaintiff's "garage/workshop."  (*See* Complaint at ¶¶ 3-8.)  Plaintiff has asserted claims for breach of fiduciary duty (Count 3) and for equitable relief (Count 4) against Rushmore.  MTGLQ is entirely uninvolved with Plaintiff's potentially contentious dispute with Rushmore.

     Through the other part of the civil action, which is secondary and unrelated to the core allegations about the insurance proceeds, Plaintiff argues that both MTGLQ and the third co-defendant ("U.S. Bank") violated 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA") by failing to notify Plaintiff, in writing, of assignments of Plaintiff's mortgage loan

within 30 days of the assignments. (*See* Complaint at ¶¶ 1-2, 16-17, 42, 44.)[1] Plaintiff has alleged that U.S. Bank should have notified Plaintiff of an assignment in April 2019 (*id.* at ¶ 42; Count 1), and that MTGLQ should have notified Plaintiff of a different, prior assignment in May 2018 (*id.* at ¶¶ 16; Count 2). Plaintiff concedes that the one-year statute of limitations bars his sole claim for relief against MTGLQ, but suggests that equitable tolling may preserve his claim. (*Id.* at ¶ 44.)

*Argument*

While the Court should construe factual allegations in a light most favorable to the plaintiff when deciding a motion to dismiss pursuant to Rule 12(b)(6), mere conclusory allegations are insufficient and should not be credited as true. *See Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp.3d 277, 282-83 (S.D.N.Y. 2017); *see also Dins v. Nationstar Mortgage, LLC*, 2017 WL 570941 at *2 (S.D.N.Y. Feb. 13, 2017). Further, "where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Gonzalez,* 228 F. Supp.3d at 291.

     I.     <u>The TILA Claim Against MTGLQ is Barred
           by the One-Year Statute of Limitations</u>

Plaintiff alleges that his mortgage loan was assigned to MTGLQ on April 6, 2018 and that MTGLQ did not notify Plaintiff in writing of the assignment as required by TILA. (*See* Complaint at ¶ 16; Count 2.) Evident from the face of the complaint and by Plaintiff's own allegations, the TILA claim arising out of the alleged April 6, 2018 assignment is barred by the one-year statute of limitations. Plaintiff attempts to preserve his claim by alleging that the statute of limitations should be equitably tolled because he did not have notice of the assignment until it was recorded on February 14, 2019. (*Id.* at ¶ 44.)

There is no dispute that the statute of limitations for a TILA claim is one year from the date of the alleged violation. *See Alexander v. Nationstar Mortgage, LLC*, 2017 WL 6568057, *2 (S.D.N.Y. Dec. 22, 2017). While equitable tolling may sometimes be afforded to salvage otherwise time-barred claims, it is only available in "rare and exceptional circumstances." *See Gonzalez,* 228 F. Supp.3d at 291. This Court has held that equitable tolling is unavailable for time-barred TILA claims, like Plaintiff's, that rely on an alleged non-disclosure as the basis for tolling: "fraudulent conduct *beyond the nondisclosure itself is* necessary to equitably toll the running of the statute of limitations[,] . . . because if the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would

---

[1] 15 U.S.C. § 1641(g)(1) provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer …."

be nullified." *Id.* at 291-92 (emphasis in original) (granting motion to dismiss TILA claim as time-barred and rejecting equitable tolling argument).

Not only is equitable tolling unavailable to revive Plaintiff's time-barred TILA claim, there is no potential amendment that can cure this defect. *See TufAmerica, Inc. v. Diamond,* 968 F. Supp. 2d 588, 600 (S.D.N.Y. 2013) ("[p]ursuant to Second Circuit precedent, '[a] party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding' . . . and '[t]he amendment of a pleading does not make it any less an admission of the party.'") (internal citations omitted). As such, Plaintiff's sole claim against MTGLQ should be dismissed without leave to replead.

## II. Aside from Being Time-Barred, Plaintiff Fails to State a Cause of Action Against MTGLQ

Even if Plaintiff's sole claim against MTGLQ was not time-barred, Plaintiff fails to state a cause of action. The cornerstone of Plaintiff's TILA claim -- that MTGLQ did not provide Plaintiff with a written notice of the mortgage assignment -- overlooks the fact that MTGLQ did, in fact, provide Plaintiff with timely notice of the change in ownership. By letter dated December 18, 2017, MTGLQ advised Plaintiff that (i) the mortgage loan was sold, assigned, or transferred to MTGLQ on November 21, 2017, and (ii) the servicer of the loan is Caliber Home Loans, Inc. (*See* Notice of Assignment, Sale or Transfer of Ownership of Mortgage Loan (15 U.S.C. § 1641(g)) dated December 18, 2017 from MTGLQ to Jonathan A. Kuhl ("Notice of Assignment"), annexed hereto as Exhibit A.)

As the alleged omitted Notice of Assignment is referenced in the Complaint and is integral to the TILA cause of action, the Court may consider it in a motion to dismiss. *See Dins,* 2017 WL at *2 (supplementing allegations in complaint with facts from documents either referenced in complaint or relied upon in framing the complaint is proper in Rule 12(b)(6) motion); *see also, Alexander,* 2017 WL at *1 (court may consider documents integral to, or incorporated by reference in, complaint).

Not only does the Notice of Assignment show that MTGLQ provided notice to Plaintiff within thirty (30) days of the ownership change as required under TILA, but it also confirms that amendment is futile because Plaintiff's TILA claim is even further outside of the statute of limitations than has been alleged. MTGLQ's purchase of the loan, alleged to have occurred in April 2018, in fact, occurred in November 2017 at which date Plaintiff's TILA claim began to accrue.

Honorable Vincent L. Briccetti
October 15, 2019
Page 4

    Accordingly, Plaintiff's claim is time-barred and also fails to state a cognizable cause of action. The complaint against MTGLQ should therefore be dismissed in its entirety, without leave to replead.

                              Respectfully submitted,

                              */s/ Lisa A. Herbert*

                              Lisa A. Herbert
                              Frank Morreale

Enclosure

cc:    Jonathan Kuhl (by ECF and U.S. mail to:
        115 South Quaker Lane, Hyde Park, NY 12538)

~#4811-1208-4649~