UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JONATHAN KUHL,

                                    Plaintiff,

              -against-

U.S. BANK TRUST NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR LEGACY
MORTGAGE ASSET TRUST 2018-GS1, MTGLQ
INVESTORS, LP, and RUSHMORE LOAN
MANAGEMENT SERVICES LLC,

                                    Defendants.
-----------------------------------------------------------------X

**NOTICE OF MOTION
TO DISMISS ACTION**

Case No. 19-CV-8403-VB

  **PLEASE TAKE NOTICE,** that upon the annexed affirmation of Érina Fitzgerald, Esq.,

of Knuckles, Komosinski & Manfro, LLP, attorneys for Rushmore Loan Management Services

LLC, as servicer for U.S. Bank Trust National Association, not in its individual capacity but

solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1 (the "Defendant") will make

an application before Hon. Vincent L. Briccetti  of the United States District Court for the

Southern District of New York, White Plains Division, 300 Quarropas Street, Courtroom 620,

White Plains, New York 10601, on December 6, 2019, for an Order dismissing the complaint

filed by Johnathan Kuhl pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with

prejudice, and for such other and further relief as this Court deems just and proper.

  **PLEASE TAKE FURTHER NOTICE,** that, pursuant to the Individual Practices of this

Court, oral argument is hereby waived unless otherwise directed.

  **PLEASE TAKE FURTHER NOTICE,** that opposition, if any, to the relief sought herein

must conform to the Federal Rules of Civil Procedure and be filed in accordance with the

Individual Practices of this Court and served upon Knuckles, Komosinski & Manfro, LLP, 565 Taxter Road, Suite 590, Elmsford, New York 10523, and a courtesy copy provided to chambers of Hon. Vincent L. Briccetti of the United States District Court for the Southern District of New York, White Plains Division, 300 Quarropas Street, Room 630, White Plains, New York 10601, so as to be received no later than seven (7) days prior to the motion return date.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to Federal Rule of Civil Procedure 12(d) and Federal Rule of Civil Procedure 56 this Court may treat the instant motion as a motion for summary judgment and you may not oppose same by relying on allegations contained in the complaint. Thus, if you do not respond to the instant motion in a timely manner, this Court may accept the facts set forth herein as true and your case may be dismissed and judgment may be entered in favor of the movant without oral argument.

Dated: Fishkill, New York
      November 15, 2019

            Respectfully submitted,

            **KNUCKLES, KOMOSINSKI & MANFRO, LLP**
            *Attorneys for Defendant*

            By:    /s/ Érina Fitzgerald
                   ÉRINA FITZGERALD, ESQ.
                   300 Westage Business Center Drive, Suite 160
                   Fishkill, New York 12524
                   (914) 345-3020

                   *Main Office:*
                   565 Taxter Road, Suite 590
                   Elmsford, New York 10523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JONATHAN KUHL,

                                        Plaintiff,

               -against-                                                **AFFIRMATION IN SUPPORT OF
                                                                        MOTION TO DISMISS ACTION**

U.S. BANK TRUST NATIONAL ASSOCIATION,                                    Case No. 19-CV-8403-VB
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR LEGACY
MORTGAGE ASSET TRUST 2018-GS1, MTGLQ
INVESTORS, LP, and RUSHMORE LOAN
MANAGEMENT SERVICES LLC,

                                        Defendants.
-------------------------------------------------------------------X

        Érina Fitzgerald, an attorney admitted to practice law in the State of New York, hereby

affirms the following under the penalties of perjury:

        1.      I am an associate of Knuckles, Komosinski & Manfro, LLP, attorneys for

Rushmore Loan Management Services LLC, as servicer for U.S. Bank Trust National Association,

not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-

GS1 (hereinafter, the "Defendant"), and as such I am fully familiar with the facts and

circumstances giving rise to the instant matter. The facts set forth herein are based upon my review

of the files maintained by my office, and documents received from the Defendant.

        2.      I submit this affirmation in support of the Defendant's Motion for an Order

dismissing the complaint filed by Johnathan Kuhl (the "Plaintiff") pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6), with prejudice, and for such other and further relief as this

Court deems just and proper.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

3.       On July 31, 2003, the Plaintiff duly executed, acknowledged, and delivered to Homeowners Loan Corp. ("Homeowners"), a Note bearing said date wherein and whereby the Plaintiff covenanted and agreed to repay the principal sum of $224,250.00, with interest thereon. As collateral security for the payment of the aforesaid sum, including interest, the Plaintiff on the same day duly executed, acknowledged, and delivered a Mortgage on real property located at 115 South Quaker Lane, Hyde Park, New York 12538 a/k/a 115 Melanie Way, Hyde Park, New York 12538 (the "Premises"). The Mortgage was duly recorded in the Office of the Dutchess County Clerk on January 7, 2004 at Document No. 01 2004 363. Thereafter the Note and Mortgage were transferred and assigned to the Defendant. Copies of the Note, Mortgage, Chain of Assignments, and Power of Attorney are attached hereto as **Exhibit A**.

4.       The Plaintiff defaulted on the mortgage payment due June 5, 2018, and each monthly payment thereafter, resulting in the commencement of a foreclosure action (the "Foreclosure Action") in the Supreme Court of the State of New York, County of Dutchess, on August 27, 2019, bearing Index No. 2019-53461. A copy of the WebCivil Supreme Case Detail page with regard to the Foreclosure Action is annexed hereto as **Exhibit B**.

5.       Upon information and belief, prior to the commencement of the Foreclosure Action, on or about January 27, 2019, a fire occurred at the Premises which destroyed a detached garage which the Plaintiff used as a workshop.

6.       At the time of said fire, the Premises was insured with Great American Insurance Group (hereinafter "GAIG"), and as such the Defendant filed a claim with GAIG with regard to

the Premises. Annexed hereto as **Exhibit C** is a copy of correspondence from GAIG dated

January 30, 2019, acknowledging receipt of Defendant's insurance claim.

      7.     On or about April 12, 2019, the Defendant received correspondence from GAIG

confirming completion of an inspection of the Premises, and the determination of a $151,877.02[1]

insurance policy payment for the damage to the Premises. Annexed hereto as **Exhibit D** is a

copy of insurance claim determination correspondence received from GAIG.

      8.     On April 12, 2019, the Defendant sent correspondence to the Plaintiff confirming

the insurance claim, providing process guidelines and detailed instructions regarding necessary

information to be submitted by the Plaintiff to receive disbursement of the insurance proceeds,

and containing blank forms to be completed by the Plaintiff. Annexed hereto as **Exhibit E** is a

copy of correspondence sent to the Plaintiff with Process Guidelines and blank forms. Pursuant

to the Process Guidelines, delinquent mortgage loans require monitoring resulting in insurance

proceeds being deposited into a restricted escrow account and disbursed as repairs are completed,

in increments based upon the results of ongoing inspections. Accordingly, pursuant to the

Process Guidelines, an initial disbursement in the amount of 1/3 of the insurance proceeds would

be made upon receipt of the following from the Plaintiff: (1) endorsed insurance check; (2)

insurance adjuster's estimate, (3) signed Mortgagor's Affidavit, (4) Contractor W-9, (5) signed

Contractor Bid, and (6) signed and notarized Contractor's License Affidavit. Thereafter, a

second disbursement of 1/3 of the insurance proceeds would be made upon inspection and

confirmation that repairs are 40-89% complete, and a final disbursement of the remaining 1/3 of

---

[1] The correspondence states in one paragraph that payment in the amount of $151,877.01 is to be issued; however, this appears to be a typographical error, as the determination was based upon the actual cash value of the damage ($154,377.02), less the deductible ($2,500.00). (See **Ex. D**.)

proceeds upon inspection confirming repairs are 100% complete and receipt of a signed and notarized Affidavit of Bills Paid.

9.      On or about April 22, 2019, the Defendant received the insurance payout from GAIG in the amount of $151,877.02. Annexed hereto as **Exhibit F** is a copy of Check No. 0000421831 received from GAIG.

10.     As the Defendant was in receipt of the insurance proceeds from GAIG, on April 22, 2019, the Defendant again sent the Plaintiff correspondence including the Process Guidelines for disbursement of proceeds and blank forms to be completed by the Plaintiff. Annexed hereto as **Exhibit G** is a copy of duplicate correspondence sent to the Plaintiff with Process Guidelines and blank forms.

11.     Upon information and belief, on May 15, 2019, Defendant received the following from Plaintiff: (1) Contractor Bid from "Integrity Property Management", (2) Contractor Affidavit, (3) Mortgagor Affidavit, and (4) Contractor W-9. Said package was deemed to be incomplete as forms contained blanks, and a corrected Contractor Bid, Contractor Affidavit, and W-9 would be needed as the tax identification number contained in the package could not be found to correspond to the entity known as "Integrity Property Management", and the Contractor Bid did not include blue prints.

12.     Upon information and belief, on May 24, 2019, the Defendant received corrected documents from the Plaintiff; however, the tax identification number still did not correspond to the entity known as "Integrity Property Management" and the required blue prints remained outstanding.

13.     Upon information and belief, on June 7, 2019, the Defendant contacted the Plaintiff regarding the status of the document production, and confirmed that "Integrity Property Management" was, in fact, the Plaintiff's business, and that the tax identification number provided was the Plaintiff's social security number.

14.     Upon information and belief, Defendant advised that the contractor designated to complete the repairs needed to have a taxpayer identification number; however, based upon the clarification received from the Plaintiff, the Defendant attempted to provide an exception to the requirement for the tax identification number for "Integrity Property Management" as the contractor completing the work at the Premises.

15.     In meantime, although the Plaintiff had still not provided the required documentation, on June 26, 2019, the Defendant issued a Check No. 853751 in the amount of $25,407.50 to cover the Plaintiff's costs associated with demolition which took place at the Premises (the "Initial Disbursement"). Annexed hereto as **Exhibit H** are copies of correspondence sent to the Plaintiff and cancelled Check. No. 853751 which was posted in the Plaintiff's account on July 3, 2019.

16.     Pursuant to the Process Guidelines, on August 6, 2019, the Defendant completed an inspection of the Premises and determined that the demolition and clean-up of the Premises had been completed, for a total of 7% of the repair/reconstruction work completed at the Premises. Annexed hereto as **Exhibit I** is a copy of the Inspection Report dated August 14, 2019.

17.     Upon information and belief, several telephone calls were made between the Plaintiff and the Defendant wherein the Defendant repeatedly requested the required blue prints which were to be included in the Contractor Bid.

18.     In an effort to move the process along, in early September the Defendant informed the Plaintiff that it would honor-release additional funds, despite not having received the required blue prints as part of the Contractor Bid, and on September 18, 2019, the Defendant sent correspondence containing Check No. 2019040803 in the amount of $12,030.19. Annexed hereto as **Exhibit J** are copies of correspondence sent to the Plaintiff and cancelled Check. No. 2019040803 which was posted in the Plaintiff's account on September 24, 2019.

19.     Rather than providing information and inspections as required by the Process Guidelines, instead on September 9, 2019, Plaintiff commenced the instant action demanding immediate payment of remaining insurance proceeds held by the Defendant and asserting violations under the Truth in Lending Act (hereinafter "TILA") for alleged failure to notify Plaintiff of the transfer of ownership of his mortgage loan. Annexed hereto as **Exhibit K** is a copy of the complaint filed in the Federal Action.

20.     On October 15, 2019, MTGLQ Investors, LP filed a Letter-Motion seeking to dismiss the Plaintiff's complaint, which contains a copy of Notice of Assignment, Sale or Transfer of Ownership of Mortgage Loan pursuant to 15 U.S.C. §1641(g) dated December 18, 2017, resolving the Plaintiff's allegation that he did not receive notice as required by TILA. (See ECF Docket No. 12-1.)

21.     The Plaintiff has still not provided the documents required pursuant to the Process Guidelines; however, the Defendant has made a further exception to the requirements and on October 23, 2019, the Defendant sent correspondence to the Plaintiff containing Check No. 2019059613 in the amount of $40,000.00. Annexed hereto as **Exhibit L** are copies of

correspondence sent to the Plaintiff, cancelled Check. No. 2019059613, and Federal Express Tracking Receipt confirming that Plaintiff received said check on October 25, 2019.

22. To date, the Defendant has remitted, and the Plaintiff has received, the sum of $77,437.69 representing over 50% of the insurance proceeds which the Defendant received from GAIG; however, the amount of repair work on the Premises pursuant to the only inspection requested by the Plaintiff remains at only 7% complete, which is insufficient for further disbursements of insurance proceeds pursuant to the Process Guidelines. (See **Ex. G**, **Ex. H**, **Ex. I**, **Ex. J**, and **Ex. L**.)

**WHEREFORE**, based upon the foregoing, the Defendant, Rushmore Loan Management Services LLC, as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1, requests entry of an order dismissing the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with prejudice; and for such other and further relief as this Court deems just and proper.

Affirmed: Fishkill, New York
          November 15, 2019

KNUCKLES, KOMOSINSKI & MANFRO, LLP
*Attorneys for the Defendant*

 /s/ Érina Fitzgerald
ÉRINA FITZGERALD, ESQ.
300 Westage Business Center Drive, Suite 160
Fishkill, New York 12524
(914) 345-3020

*Main Office:*
565 Taxter Road, Suite 590
Elmsford, New York 10523

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JONATHAN KUHL,

                                        Plaintiff,

            -against-                                    **ORDER DISMISSING ACTION**

U.S. BANK TRUST NATIONAL ASSOCIATION,        Case No. 19-CV-8403-VB
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR LEGACY
MORTGAGE ASSET TRUST 2018-GS1, MTGLQ
INVESTORS, LP, and RUSHMORE LOAN
MANAGEMENT SERVICES LLC,

                                        Defendants.
------------------------------------------------------------------X


        This matter is before the Court on the Motion to Dismiss filed by Rushmore Loan

Management Services LLC, defendant herein, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Upon review of the file, the briefing by the parties, and other good cause shown, it is hereby

        ORDERED, that the Defendant's Motion to Dismiss shall be granted dismissing

Plaintiff's Complaint in its entirety, with prejudice.




So Ordered this ___ day of_____, 2019.



                              _____
                              Hon. Vincent L. Briccetti
                              United States District Court Judge