UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JONATHAN KUHL,

          Plaintiff,

-against-

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LEGACY MORTGAGE ASSET TRUST 2018-GS1, MTGLQ INVESTORS, LP, and RUSHMORE LOAN MANAGEMENT SERVICES LLC,

          Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS ACTION**

Case No. 19-CV-8403-VB

  Érina Fitzgerald, Esq., of Knuckles, Komosinski & Manfro, LLP, attorneys for Rushmore Loan Management Services LLC, as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1 (hereinafter, the "Defendant"), submits the within Memorandum of Law in Support of Motion for an Order dismissing the complaint filed by Johnathan Kuhl (the "Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with prejudice, and for such other and further relief as this Court deems just and proper.

**PRELIMINARY STATEMENT**

  Defendant moves to dismiss the instant action commenced by Plaintiff seeking an award of immediate payment of remaining insurance proceeds which the Plaintiff alleges remain outstanding, as the Defendant has distributed insurance proceeds to the Plaintiff in accordance with the relevant insurance claims Process Guidelines, and therefore the amount in controversy is insufficient for this Court to assert subject-matter jurisdiction over the proceedings. Further, the

Defendant seeks dismissal of the Plaintiff's complaint as the Plaintiff has failed to state a claim upon which relief can be granted.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The facts and circumstances upon which the instant Memorandum of Law relies are set forth in the Affirmation of Érina Fitzgerald, Esq., of even date and filed contemporaneously herewith.

Further, while a court generally may only consider facts stated in the complaint in deciding a motion to dismiss, documents incorporated therein by reference are deemed part of the pleading and may be considered. Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006) (holding that when "evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case"); see also EEOC v. Draper Dev. LLC, 2018 U.S. Dist. LEXIS 115124, *10 (N.D.N.Y July 11, 2018); and Zaza v. Am. Airlines, 2016 U.S. Dist. LEXIS 111914, *23 (E.D.N.Y. August 19, 2016).

## ARGUMENT

### POINT I

### THE PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THIS COURT LACKS SUBJECT MATTER-JURISDICTION OVER THE INSTANT ACTION

Plaintiff's Complaint must be dismissed, as Plaintiff fails to set forth damages in an amount sufficient to meet the required jurisdictional threshold for the amount in controversy and therefore this Court does not have subject-matter jurisdiction over this action. Fed. R. Civ. P. 12(b)(1); 11 U.S.C. § 1322(a)(1).

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to bring a motion for lack of subject matter jurisdiction, and without jurisdiction, a court cannot proceed in a case. Fed. R. Civ. P. 12(b)(1). See also: Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94-95 (1998). In all cases the burden is on the plaintiff to establish subject matter jurisdiction. Carpet Group Int'l. v. Oriental Rug Imp. Ass'n., 227 F.3d 62, 69 (3d Cir. 2000). When there is any question involving federal jurisdiction, such jurisdiction must be shown affirmatively, and the Court will not draw any inferences to the party asserting it. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

A federal court has subject-matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. § 1332(a)(1). The burden of proving subject-matter jurisdiction rests on the plaintiff, and a court may consider evidence outside the pleadings in deciding whether it should dismiss an action for lack of subject-matter jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642 (4th Cir. 1999). Ultimately, the amount "is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).

Plaintiff's complaint alleges that this Court has jurisdiction under 11 U.S.C. § 1332 "because the plaintiff and all defendants are citizens of different states"; however, the Plaintiff fails to address the second prong of the test for subject-matter jurisdiction, which – in addition to diversity of citizenship – requires that the matter in controversy exceed the sum or value of $75,000.00. (See **Ex. K**.) Here, the Plaintiff's complaint demands immediate payment of sums the Defendant has received pursuant to an insurance claim with regard to real property located at 115 South Quaker Lane, Hyde Park, New York 12538 a/k/a 115 Melanie Way, Hyde Park, New

York 12538 (the "Premises"), and which the Plaintiff alleges the Defendant has failed to timely remit for the repair of said property. (See **Ex. K**.) According to the Plaintiff's complaint, the Plaintiff is demanding the immediate payment of $75,000.00, the amount of insurance proceeds allegedly remaining in possession of the Defendant. (See **Ex. K**.)

On April 22, 2019, pursuant to an insurance claim for fire damage to the Premises, the Defendant received the amount of $151,877.02 from Great American Insurance Group (hereinafter "GAIG") as the determination for costs needed to repair/rebuild a detached garage on the Premises which the Plaintiff allegedly used as a workshop. (See **Ex. F**.) Prior to the fire damage, the Plaintiff had defaulted on mortgage payments due and owing to the Defendant. (See **Ex. A**.) As the Plaintiff's mortgage loan was in default at the time the insurance proceeds were remitted to the Defendant, the Defendant's Process Guidelines set forth that such delinquent loan requires monitoring resulting in insurance proceeds being deposited into a restricted escrow account which are disbursed as repairs are completed, in increments based upon the results of ongoing inspections. (See **Ex. E** and **Ex. G**.)

Here, the Plaintiff has failed to provide the information to secure release of insurance proceeds required by the Process Guidelines, specifically blue prints setting forth the work to be completed at the Premises; however, as the parties have been in constant communication regarding the distribution of the insurance proceeds, the Defendant has made exceptions to the Process Guidelines and, to date, the Defendant has disbursed a total of $77,437.69 of the insurance proceeds in three separate disbursements: (1) the Initial Disbursement of $25,407.50, (2) the Second Disbursement of $12,030.19, and (3) the Third Disbursement of $40,000.00. (See **Ex. H**, **Ex. J.**, and **Ex. L**.)

Thus, contrary to the Plaintiff's assertion, the remaining insurance proceeds in the Defendant's possession total only $74,438.33 – and therefore, the amount in controversy is insufficient for this Court to assert subject-matter jurisdiction over this action.

Accordingly, as the amount in controversy does not exceed $75,000.00, this Court lacks subject-matter jurisdiction over the action and the Plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## POINT II

### THE PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE DEFENDANT HAS DISTRIBUTED INSURANCE PROCEEDS TO THE PLAINTIFF IN ACCORDANCE WITH INSURANCE CLAIMS PROCESS GUIDELINES, AND AS SUCH THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Complaint must be dismissed, as Defendant has disbursed insurance proceeds in accordance with Procedural Guidelines with regard to delinquent mortgage loans, and as Plaintiff has failed to demonstrate a basis for immediate payment of remaining proceeds, the Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides that an action should be dismissed where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party; however, a court need not accept as true any legal conclusions or threadbare recitals of a cause of action supported by conclusory statements. See Patel v. Contemporary Classics of Beverly Hills, 256 F.3d 123 (2d Cir. 2001); LaBounty v. Adler, 933 F.2d 121, 123

(2d Cir. 1991); and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." Acthtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (internal quotations and citations omitted).

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 545 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal Supra at 1949. Where, as here, the complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly Supra at 545.

In the case at bar, the Plaintiff seeks immediate payment of sums which the Defendant received from GAIG as an insurance policy payout resulting from a fire at the Premises, which funds Plaintiff alleges the Defendant is wrongfully withholding. (See **Ex. K**.) Pursuant to the Mortgage executed by the Plaintiff, "[i]f there is a loss or damage at the property … proceeds will be used to repair or restore the damaged property". (See **Ex. A**, Paragraph 5 of the Mortgage.) The insurance proceeds resulting from any loss or damage to the Premises are disbursed by the Defendant pursuant to the Process Guidelines which are applicable to delinquent loans – which is relevant here as the Plaintiff defaulted on the mortgage payment due June 5, 2018, and monthly payments thereafter. (See **Ex. A** and **Ex. B**.) Accordingly, the Process Guidelines set forth that an

initial disbursement of the insurance proceeds would be made upon receipt of the following from the Plaintiff: (1) endorsed insurance check; (2) insurance adjuster's estimate, (3) signed Mortgagor's Affidavit, (4) Contractor W-9, (5) signed Contractor Bid, and (6) signed and notarized Contractor's License Affidavit. (See **Ex. E** and **Ex. G**.) Thereafter, a second disbursement of the insurance proceeds would be made upon inspection and confirmation that repairs are 40-89% complete, and a final disbursement of the remaining proceeds would be made upon inspection confirming repairs are 100% complete and receipt of a signed and notarized Affidavit of Bills Paid. (See **Ex. E** and **Ex. G**.)

Here, the Plaintiff has struggled to provide the documentation required by the Process Guidelines – namely, a blueprint as part of the Contractor Bid which sets forth the work to be done with regard to the Premises – and Plaintiff has added to delay in release of funds due to his failure to disclose that the contractor which provided the Contractor Bid – "Integrity Property Management" – is in fact the Plaintiff's own business. (See Paragraphs 12-14 of Affirmation in Support of Motion to Dismiss.) Despite these ongoing delays, the Defendant has been in constant communication with the Plaintiff and has internally made exceptions to certain Process Guidelines to allow for the release of over 50% of the insurance proceeds to the Plaintiff. (See **Ex. F**, **Ex. H**, **Ex. J.**, and **Ex. L**.) As demonstrated above, to date the Defendant has paid out, and the Plaintiff has received, approximately $77,437.69 – representing over 50% of the insurance proceeds received from GAIG which totaled $151,877.02. (See **Ex. F**, **Ex. H**, **Ex. J.**, and **Ex. L**.)

Further, pursuant to the Process Guidelines, any subsequent distributions of insurance proceeds are dependent on confirmation that repairs are 40-89% complete, and a final disbursement of the remaining proceeds is dependent upon inspection confirming repairs are 100%

complete, with a signed and notarized Affidavit of Bills Paid. (See **Ex. E** and **Ex. G**.) With regard to the repairs to the Premises, there has only been one inspection which has determined that the work completed – namely demolition and clean-up – is a mere 7% complete. (See **Ex. I**.) The Plaintiff demands that the remaining proceeds be immediately distributed based upon the assertion that the work completed on the Premises is over 40% complete; however, it is unclear how the Plaintiff has arrived with this percentage, as the Plaintiff's assertion is unsupported by an inspection report. (See **Ex. K**.) Thus, pursuant to the Process Guidelines, the Plaintiff is not entitled to the remaining insurance proceeds until the appropriate benchmarks are reached for work completed to repair the Premises, and therefore the withholding of the remaining insurance proceeds until further repair work is completed on the Premises is not wrongful. (See **Ex. E** and **Ex. G**.)

Accordingly, as the Plaintiff's conclusory allegations contain merely threadbare recitals of a cause of action, the Plaintiff has failed to demonstrate grounds for his entitlement for relief, and the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**POINT III**

**THE PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS MTGLQ INVESTORS L.P. HAS DEMOSNTRATED THAT TILA REQUIREMENTS HAVE BEEN MET**

Plaintiff's complaint alleges a violation of 15 U.S.C. § 1641(g), asserting that the Plaintiff's mortgage loan was transferred without providing the requisite disclosures. This allegation is unsupported, and has been disproven, and thus the Plaintiff's claim lacks merit.

On October 15, 2019, MTGLQ Investors, LP filed a Letter-Motion seeking to dismiss the Plaintiff's complaint, which contains a copy of Notice of Assignment, Sale or Transfer of Ownership of Mortgage Loan pursuant to 15 U.S.C. § 1641(g) dated December 18, 2017,

resolving the Plaintiff's allegation that he did not receive notice as required by TILA. (See ECF Docket No. 12-1.) Further, such allegation by the Plaintiff is more appropriately brought in the Foreclosure Action which is currently pending in the Supreme Court of the State of New York, County of Dutchess, bearing Index No. 2019-53461. (See **Ex. B**.)

Accordingly, the Plaintiff's complaint should be dismissed as the allegation that he did not receive notice of the transfer of ownership of his mortgage loan is without merit.

## CONCLUSION

For the foregoing reasons, the Defendant, Rushmore Loan Management Services LLC, as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1, requests entry of an order dismissing the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with prejudice; and for such other and further relief as this Court deems just and proper.

Dated: Fishkill, New York
November 15, 2019

         **KNUCKLES, KOMOSINSKI & MANFRO, LLP**
         *Attorneys for Defendant*

         By:    /s/ Érina Fitzgerald
                ÉRINA FITZGERALD, ESQ.
                300 Westage Business Center Drive, Suite 160
                Fishkill, New York 12524
                (914) 345-3020

                *Main Office:*
                565 Taxter Road, Suite 590
                Elmsford, New York 10523