U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

-------------------------------------------------------------x
JONATHAN KUHL                                                :
                                                             : INDEX: 19-cv-8403
                                                             :
         Plaintiff                                           :
                                                             :
v.                                                           :
                                                             :
U.S. BANK TRUST NATIONAL                                     :
ASSOCIATION, NOT IN ITS INDIVIDUAL                           :
CAPACITY BUT SOLELY AS OWNER                                 :
TRUSTEE FOR LEGACY MORTGAGE                                  :
ASSET TRUST 2018GS-1, MTGLQ                                  :
INVESTORS, LP and RUSHMORE LOAN                              :    :
MANAGEMENT SERVICES LLC                                      :
                                                             :
         Defendants                                          :
-------------------------------------------------------------x

## PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS

Currently pending before the court are motions to dismiss this action by MTGLQ Investors LP ("MTGLQ") and U.S. Bank National Association "Not in Its individual Capacity but solely as Owner Trustee for Legacy Mortgage Asset Trust 2018 GS1" ("U.S. Bank")

There are four causes of action in the Complaint:

§ On February 14, 2019, MTGLQ recorded with the Dutchess County clerk an assignment of Mr. Kuhl's mortgage to U.S, Bank National Association a Trustee. U.S. Bank was required pursuant to 15 USC § 1641 g to make certain

1

mandatory disclosures to the plaintiff within 30 days of that date and did not. (First Cause of Action)

§ On February 14, 2019, LSF8 Master Participation Trust recorded with the Dutchess County clerk an assignment of the mortgage on Mr. Kuhl's home to MTGLQ. MTGLQ was required pursuant to 15 USC § 1641 g to make certain mandatory disclosures to the plaintiff within 30 days of that date and did not. (Second Cause of Action).

§ In February of 2019, there was a fire badly burning Mr. Kuhl and destroying a garage/workshop on Mr. Kuhl's property. The insurance proceeds were $157,000. Both under the terms of the mortgage and Federal law, if Mr. Kuhl can restore the garage for less than $157,000 without reducing the value of the lender's security, the excess should be used to reduce any mortgage arrears. (Third and Fourth Causes of Action). Mr. Kuhl seeks release of such excess funds so that he can use it to pay alleged arrears. (Alternatively, the U.S. Band and Rushmore defendants can accomplish this by a transfer of excess insurance funds currently held in escrow without any payment to Mr. Kuhl.)

The Third and Fourth Causes of Action are pled solely against Rushmore, and in light of the state foreclosure conference, Mr. Kuhl asks that the court hold the third and fourth cause of action in abeyance pending that that conference.

## U.S. BANK HAS SUBMITTED NO DEFENCE TO
## THE FIRST CAUSE OF ACTION

The First Cause of action shows that the Kuhl mortgage was assigned to the current Trust on February 14, 2019. More than 30 days have transpired since then, and it has not provided Mr. Kuhl with the disclosures required ay 15 USC 1641 g.

It is unclear whether the motion to dismiss by Ms. Fitzgerald, [1] attorney for Rushmore and U.S. Bank, is directed to this cause of action (15 USC § 1641 (g) violation) or whether it is aimed solely against the Third and Fourth causes of action (the question of the insurance escrow). Her Notice of Motion (Docket 17) merely asks for an order "dismissing the complaint"

She has submitted a lengthy brief directed to the insurance escrow issues, but kisses off the 15 USC § 1641 claim with a short reference to a document submitted by counsel for MTGLQ in defense of the 2nd Cause of Action. (Document 12-1). [2]

However, that document is dated December 18, 2017 and involves the assignment of Mr. Kuhl's mortgage *to MTGLQ*, and not the subsequent assignment

---

[1] While Mr. Kuhl challenges Ms. Fitzgerald's affirmation, he notes that he was seriously injury in a car crash on Thanksgiving day and spent the next 10 days in the hospital or bedridden, and during that period , she should be complimented for her professional conduct in arranging a postponement to answer this motion.

[2] See Para. 20 of Fitzgerald affirmation) "On October 15, 2019, MTGLQ Investors, LP filed a Letter-Motion seeking to dismiss the Plaintiff's complaint, which contains a copy of Notice of Assignment, Sale or Transfer of Ownership of Mortgage Loan pursuant to 15 U.S.C. §1641(g) dated December 18,2017, resolving the Plaintiff's allegation that he did not receive notice as required by TILA."

3

*from MTGLQ to U.S. Bank* and so it has no application to the First Cause of Action.

The transfer to U.S. Bank as trustee was made on February 14, 2019, and the disclosures required by 15 USC § 1641 due on March 14, 2019 have not been made. The court should grant Mr. Kuhl permission to move for summary judgment on the First Cause of Action.

## THE SECOND CAUSE OF ACTION IS NOT TIME BARRED

Counsel in his letter motion appears to be relying on a single case, *Gonzalez v. J.P. Morgan Chase,* 228 F. Supp. 3d 227 (2nd Circuit. 2017) and an extraneous document purporting to show that Mr. Kuhl was in fact provided with the information required by 15 USC § 1641 (g).

As regards the purported "notification," (Doc. 10-1) the exhibit purports to show that MTGLQ notified Mr. Kuhl on December 18, 2017 that it owned Mr. Kuhl's note as of November 21, 2017. However, the complaint alleges that "On April 6, 2018, LSF8 appears to have assigned the mortgage to MTGLQ [3] …but the assignment was not recorded with the Dutchess County t Clerk until February 14, 2019."

---

[3] The April 6, 2018 assignment can is confirmed by the Dutchess County Clerk's on-line records, double-checked on December 26, 2019

4

Thus the document offered by MTGLQ's counsel is dated *one year before the records submitted to the Dutchess County clerk claim the transfer took place..*

This new document raises a triable question of fact of when the mortgage was in fact assigned to MTGLQ. Counsel's new document is of questionable admissibility because there is no claim it comes from a regularly maintained business record. (FRE 803 (6) (A). Thus the question becomes when the mortgage was assigned. Was it November 21, 2017, as the newly produced document asserts? Or was it April of 2018? Was it around April of 2019 when the assignment was recorded with the Dutchess County clerk? Or was it some other date?

While this mortgage assignment is notarized, this was done by a Notary in Oklahoma, and lacks the certificate of conformity required by CPLR § 2309 and RPL § 299, and thus is of no value in the assignment of a mortgage in New York.

Counsel relies on the *Gonzalez* case for the argument that there is no equitable estoppel on failure to comply with 1641 (g) unless there has been some fraud. Since Mr. Kuhl's defenses in the state foreclosure action allege that the Trust lacks standing to bring an action there, the question of when the mortgage was actually assigned to the Trust and why it took so long to be filed should be examined in discovery.

In *Szulik v. Tagliaferri*, 966 F.Supp. 2d 339, 366 (S.D.N.Y. 2013) the District court held that "[A] statute of limitations defense based on extrinsic evidence is 'of dubious propriety on motion to dismiss.'".

Further, 15 USC 1641 b titled "**Proof of compliance with statutory provisions** "written acknowledgement of receipt by a person to whom a statement is required to be given pursuant to this title…(as) proof of the delivery thereof …"

Mr. Kuhl has denied receiving any further notice and there is no "written acknowledgment." [4]

### THE THIRD AND FOURTH CAUSES OF ACTION

As noted earlier, the question of the application of insurance proceeds to purported mortgage arrears is currently before a court-mandated conference in Dutchess County Supreme Court. (*U.S. Bank v. Kuhl*, 2019-53461)

According to counsel's affirmation in support of her 12 b motion, the amount of the insurance check given to Rushmore was $151, 877 and in three payments, Mr. Kuhl has received $77,437. This leaves $74,440 still in escrow with Rushmore.

Mr. Kuhl argues that the insurance proceeds above and beyond what it will costs to get his workshop "up and running" should be paid to him so that he can

---

[4] This deficiency would also apply to Ms. Fitzgerald's attempt to use this document as a defense in the first cause of action.

apply it to mortgage payments. In defending the state foreclosure he argues that since the defendant, through the loan servicer, holds funds he say are in excess of what he needs to get his workshop functional, it should merely transfer those necessary monies from one pocket to the other.

These points are different without there being a distinction.

Either way, there is $77,437 still in the coffers of Rushmore available to pay purported mortgage arrears, which are substantially less than $77,437.

Mr. Kuhl's mortgage is an FHA one and the Federal policy is contained in the "FHA Single Family Housing Policy Handbook II" governing Insured Housing Programs Forward Mortgages home loans reads in pertinent part as follows:

> "Application of Excess Insurance Proceeds to Unpaid Principal Balance The mortgagee <u>must</u> apply insurance proceeds payable for home damages to arrearages and/or reduction of the unpaid principal balance if… the amount of the proceeds exceeds the costs to repair the damages to the home…" [Emphasis added]

Similarly, Mr. Kuhl's mortgage holds (in Para 5) :

> "The (proceeds of an insurance claim) will be used to repair or restore the damaged Property unless…it is not economically feasible to make the repairs or restoration.." in which case "then the proceeds will be used to reduce the amount that I owe to the lender…[A]fter the amount owed to the lender has been paid in full, the remaining proceeds will be paid to me."

Mr. Kuhl's position has been that by doing much of the work himself and careful bidding, he can build a fully compliant garage/workshop for under $100,000 and

7

(together with the funds he has assembled for that purpose) still have enough left over to pay any mortgage arrears. This would be done by the Rushmore releasing the necessary funds to him so he can pay the mortgage (as pleaded here) or by Rushmore simply paying the supposed arrears directly to the lender (as proposed in the state action.) [5]    There is nothing covert, illegal , which would deprive the lender of monies or in violation of the mortgage in either solution.

He has been unable to reach any agreement for this with Rushmore.

Accordingly, Mr. Kuhl asks as follows:

- That he should be given leave to file a Motion for Summary Judgment against U.S. Bank seeking actual and statutory damages on the First Cause of Action.

- That the motion to dismiss the second cause of action be denied, pending discovery to determine when his mortgage was <u>really</u> assigned to MTGLQ.

- That the Third and Fourth causes of action be abated until conclusion of the court-ordered settlement conference in the state foreclosure proceeding, or alternatively, that this court seek to reach a similar resolution.

---

[5]  It is Mr. Kuhl's well-supported claim in the state foreclosure action that the mortgage was never transferred to the Trust and it lacks standing. He will waive that defense if this matter can be resolved as described above.

8

- Together with such other and further relief as the court deems just.

Respectfully,

*[signature]*

Jonathan Kuhl, *pro se* Dated: December 27, 2019

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

------------------------------------------------------------x
JONATHAN KUHL

: INDEX: 19-cv-8403

    Plaintiff

v.

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER
TRUSTEE FOR LEGACY MORTGAGE
ASSET TRUST 2018GS-1, MTGLQ
INVESTORS, LP and RUSHMORE LOAN
MANAGEMENT SERVICES LLC

    Defendants
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I am over 18 years if age, a citizen of the U.S. and I am not a party to this action. I served the herein "Answer to 12 b Motiopn" on December 28, 2019 by placing copies in envelopes addressed counsel for the defendants:

Erina Fitzgerald Esq.  
300 Westage Business Center Dr.,  
Fishkill, N.Y. 12524

Frank Mororreales, Esq.  
Nelson, Mullins & Riley Etc.  
50 N. Laura St.  
Jacksonville FL 32202

    Sealing those envelopes and placing them in the custody of an employee of the U.S. Postal System. The above statement is made under penalty of perjury pursuant to the U.S. Code.

Donald P. Rosendale



RECEIVED DEC 30 2019 U.S.D.C. W.P.

| Retail | PRESS FIRMLY TO SEAL | PRIORITY MAIL FLAT RATE POSTAGE REQUIRED |
|---|---|---|

AGE PAID

Origin: 12501
12/28/19
3501800153-02

35

-DAY ®

0 Lb 4.50 Oz

1022

30/19

C004

40

IUMBER

1590 03







To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

ct 2018
'2 x 9 1/2

FROM:

Rosendale
4848 RT. 44
Amenia N.Y.
12501

TO:

Pro Se Clerk
US District Court
300 Quavoppas St
White Plains, N.Y.
10601

weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.