UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

JONATHAN KUHL,

   Plaintiff,

vs.

U.S. BANK TRUST NATIONAL
ASSOCIATION, etc., et al.,

   Defendants.

Case No. 7:19-cv-08403-VB

Hon. Vincent L. Briccetti, U.S.D.J.

### DEFENDANT MTGLQ INVESTORS, LP'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MTGLQ'S MOTION TO DISMISS

For its reply to the memorandum of law in further support of its letter motion to dismiss the Complaint, Defendant MTGLQ Investors, LP ("MTGLQ") states:

### Legal Argument

Plaintiff Jonathan Kuhl ("Plaintiff") has alleged that MTGLQ violated 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA") by failing to notify Plaintiff, in writing, of an assignment of Plaintiff's mortgage loan within 30 days of the assignment. (*See generally*, Compl., ECF No. 2). According to Plaintiff's allegations, "[o]n April 6, 2018, LSF8 appears to have assigned the mortgage to MTGLQ ...." (*Id.* at ¶ 16, ECF No. 2; *see also id.* at ¶ 44 ("The Kuhl Mortgage was apparently assigned to MTGLQ ... on April 6, 2018 ...")). Thus, according to Plaintiff, MTGLQ should have provided written notice to Plaintiff in May 2018, well more than one year before Plaintiff filed his complaint in September 2019.

In its letter motion, MTGLQ demonstrated that the sole claim against MTGLQ should be dismissed, without leave to replead, for two independent reasons. First, the statute of limitations for a TILA claim is one year from the date of the alleged violation, *see Alexander v. Nationstar*

*Mortgage, LLC*, 2017 WL 6568057, *2 (S.D.N.Y. Dec. 22, 2017), and equitable tolling is unavailable for time-barred TILA claims that rely on an alleged non-disclosure as the basis for tolling. *See Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp.3d 277, 291-92 (S.D.N.Y. 2017). Second, even if Plaintiff's sole claim against MTGLQ was not time-barred, Plaintiff fails to state a cause of action because documents referenced in the complaint confirm that MTGLQ provided Plaintiff with timely notice of the change in ownership. (*See* Compl., ECF No. 12-1.)

In Plaintiff's Opposition to Motion to Dismiss, Plaintiff does not dispute that the statute of limitations is one year (ECF No. 25), and concedes in his Complaint that his TILA claim is outside the statute of limitations (*see* Compl. ¶ 44, ECF No. 2). Plaintiff does not come forward with any authority or argument that even questions *Gonzalez*'s holding that equitable tolling is unavailable under the facts alleged here. Plaintiff concedes in his opposition, as he must, that Plaintiff has expressly alleged that the relevant assignment *to* MTGLQ was made more than one year ago: "However, the complaint alleges that 'On April 6, 2018, LSF8 appears to have assigned the mortgage to MTGLQ ….'" (ECF No. 25 at p. 4) (footnote omitted).

Faced with law that forecloses his sole claim against MTGLQ as untimely, Plaintiff seeks to abandon his allegations and argue that discovery is necessary on the grounds that there is a question about when the mortgage was assigned. (*See id* at p. 5). However, there is no need for discovery because, for purposes of a motion to dismiss, no such question exists. Plaintiff has expressly alleged that the assignment *to* MTGLQ occurred more than one year before the complaint was filed, on April 6, 2018. (*See* Compl. at ¶¶ 16, 44.) Plaintiff even argues that publicly-available documents confirm the date of assignment was 17 months before Plaintiff filed its complaint. (*See* ECF No. 25 at p. 4 n.3) ("The April 6, 2018 assignment can [sic] is confirmed by the Dutchess County Clerk's on-line records, double-checked on December 26, 2019").

Plaintiff's reliance upon *Szulik v. Tagliaferri*, 966 F. Supp.2d 339 (S.D.N.Y. 2013), therefore, is misplaced. In *Szulik*, the district court granted in part a motion to dismiss fraud-based securities claims regarding a kickback scheme connected to an investment in a horse racing company. The opinion has nothing to do with Plaintiff's allegations of a bare TILA procedural violation. In *Szulik*, with respect to a statute of limitations defense to an SEC Rule 10(b)(5) claim, the court merely declined to "deviate from the law of the case doctrine," *id.* at 366, and noted in, *dicta*, that the statute of limitations defense is typically appropriate for summary judgments because extrinsic evidence is often required.

Here, though, the defense of the statute of limitations is based upon the four corners of the complaint, not extrinsic evidence. (*See* Compl. at ¶¶ 16, 44.). To be clear, MTGLQ does not rely upon any extrinsic evidence whatsoever in support of the statute of limitations defense. Plaintiff has alleged that an Assignment of Mortgage was executed on April 6, 2018 and later recorded on February 14, 2019 (*see* Compl. at ¶¶ 16, 44), and has rightly conceded that his claim is time-barred. Plaintiff is now precluded from contradicting his previous assertions. *See Banks v. Yokemick*, 214 F. Supp. 2d 401 (S.D.N.Y. 2002) ("[A] party's assertion of fact in a pleading is a judicial admission by which it is normally bound throughout the course of the proceeding.").

With respect to Exhibit A to MTGLQ's moving letter brief, that document was submitted as a separate and alternative basis for dismissal arising from the fact that MTGLQ provided Plaintiff with notice of the assignment of Plaintiff's loan to MTGLQ. (That exhibit shows that the loan was assigned five months *earlier* than Plaintiff understood, further underscoring that Plaintiff's claim is barred.) The exhibit does not impact the statute of limitation analysis.

Accordingly, MTGLQ summarily seeks dismissal based upon the statute of limitations. Only assuming, *arguendo,* that Plaintiff's claim is not time-barred, his TILA claim should still be

dismissed because the documentary evidence shows that Plaintiff was, in fact, notified about the assignment of his mortgage (*see* ECF No. 12-1). Plaintiff's solution – *i.e.*, discovery – will do no more than delay the inevitable dismissal of the claim against MTGLQ, inflict further needless costs on MTGLQ, and further waste judicial resources.[1] Under the circumstances, dismissal without leave to amend, not discovery, is appropriate.

### Conclusion

For the foregoing reasons and the reasons stated more fully in MTGLQ's moving letter motion, MTGLQ respectfully requests that the complaint be dismissed, as to MTGLQ, with prejudice.

Dated: January 10, 2020

                Respectfully submitted,

                NELSON MULLINS RILEY &
                SCARBOROUGH, LLP

By: _____
        Frank Morreale
        50 N. Laura Street, 41st Floor
        Jacksonville, Florida 32202

        280 Park Avenue, 15th Floor West
        New York, New York 10017
        (904) 665-3651
        frank.morreale@nelsonmullins.com

        Lisa A. Herbert
        280 Park Avenue, 15th Floor West
        New York, New York 10017
        (644) 428-2642
        lisa.herbert@nelsonmullins.com
        *Attorneys for Defendant MTGLQ Investors, LP*

---

[1] MTGLQ has provided a document (see ECF No. 12-1) that confirms that an assignment notice was provided to Plaintiff and that Plaintiff's TILA claim is even further outside the statute of limitations than is apparent from Plaintiff's allegations in the Complaint. Plaintiff's request for discovery on whether the November 21, 2017 assignment date contained in the assignment or the April 6, 2018 date contained in the recorded assignment is correct is ultimately irrelevant as both scenarios result in the claims being time-barred.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

JONATHAN KUHL,

      Plaintiff,

CASE NO. 7:19-cv-08403-VB

vs.

U.S. BANK TRUST NATIONAL
ASSOCIATION, etc., et al.,

      Defendants.
_____/

**CERTIFICATE OF SERVICE**

STATE OF FLORIDA    )
                               ) ss:
COUNTY OF DUVAL   )

      I, Frank Morreale, Esq., hereby certify that on January 10, 2020, a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of MTGLQ's Motion to Dismiss was served via Federal Express upon the following:

Jonathan Kuhl
115 South Quaker Lane
Hyde Park, NY 12538
*Pro Se Plaintiff*

Dated: January 10, 2020

_____
Frank Morreale

~#4817-5776-7343~