UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JONATHAN KUHL,

                                      Plaintiff,

-against-

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LEGACY MORTGAGE ASSET TRUST 2018-GS1, MTGLQ INVESTORS, LP, and RUSHMORE LOAN MANAGEMENT SERVICES LLC,

                                      Defendants.
-------------------------------------------------------------------X

**AFFIRMATION IN REPLY TO OPPOSITIO TO MOTION TO DISMISS ACTION**

Case No. 19-CV-8403-VB

Érina Fitzgerald, an attorney admitted to practice law in the State of New York, hereby affirms the following under the penalties of perjury:

1.    I am an associate of Knuckles, Komosinski & Manfro, LLP, attorneys for Rushmore Loan Management Services LLC, as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1 (hereinafter, the "Defendants"), and as such I am fully familiar with the facts and circumstances giving rise to the instant matter. The facts set forth herein are based upon my review of the files maintained by my office, and documents received from the Defendant.

2.    I submit this affirmation in reply to Opposition filed by Johnathan Kuhl (the "Plaintiff") to Defendants' Motion for an Order dismissing the instant complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with prejudice, and for such other and further relief as this Court deems just and proper.

**a. Plaintiff's "First Cause of Action" alleging improper notice of transfer should be dismissed, as Defendant's properly provided requisite notice**

3.      Plaintiff alleges that Defendants violated 15 U.S.C. § 1641, which dictates that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer", stating that Defendants failed to provide said notice. 15 U.S.C. § 1641(g)(1). (See Plaintiff's Opposition to Motion to Dismiss, Docket No. 25.)

4.      The fact that Plaintiff alleges failure to provide said notice of transfer against Defendants herein was unclear from the complaint, as Plaintiff refers to both Defendant (U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1) and the prior owner and holder of the subject mortgage (U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for LSF8 Master Participation Trust) generally as "the Trust". (See Plaintiff's Complaint, ECF Document No. 2.)

5.      Contrary to Plaintiff's assertion that Defendants failed to provide the requisite notice, on or about June 11, 2018, a Notice of Sale of Ownership of Mortgage Loan was sent to the Plaintiff indicting that the Plaintiff's loan was sold to Defendant (U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1) on May 14, 2018. Annexed hereto as **Exhibit A** is a copy of the aforementioned Notice provided to Plaintiff.

6.      As the Notice of Sale of Ownership of Mortgage Loan was sent to the Plaintiff within thirty days of the transfer of the subject mortgage loan, Defendants clearly complied with 15 U.S.C. § 1641 and the Plaintiff's "First Cause of Action" should be dismissed.

7.  Notwithstanding the aforementioned, the statute of limitations for Plaintiff's claim of a violation of 15 U.S.C. § 1641 is one year from the date of the alleged violation. 15 U.S.C. § 1640; see also: Johnson v. Scala, No. 05-CV-5529, 2007 U.S. Dist. LEXIS 73442, 2007 WL 2852758, at *3 (S.D.N.Y. Oct. 1, 2007); Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 285, 2011 U.S. Dist. LEXIS 57149, *34 (S.D.N.Y. March 31, 2011); and Alexander v. Nationstar Mortgage, LLC, 2017 U.S. Dist. LEXIS 211054, *5 (S.D.N.Y. Dec. 22, 2017). Accordingly, the statute of limitations for Plaintiff's claim began to run on June 13, 2018 – thirty days after the transfer of the Plaintiff's mortgage loan – and therefore expired on June 13, 2019. As such, the Plaintiff's complaint filed on September 10, 2019, falls outside the statutory period for such claim under 15 U.S.C. § 1641, and should be dismissed.

**b. Plaintiff's "Third and Fourth Causes of Action" should be dismissed as the issues raised by the Plaintiff are properly before the New York State Supreme Court**

8.  Plaintiff's "Third and Fourth Causes of Action" confirm that the Plaintiff has received a substantial portion of the insurance proceeds from the Defendant, and that the repair/reconstruction work remains incomplete, and accordingly requests that decision on the Plaintiff's request for insurance proceeds be abated until conclusion of the Foreclosure Action pending before the New York Supreme Court, County of Dutchess, which action was commenced prior to the instant proceeding. (See Plaintiff's Opposition to Motion to Dismiss, Docket No. 25.)

9.  As Plaintiff points out, the determination of the application of insurance proceeds is currently pending in the Foreclosure Action, which is scheduled for a settlement conference on January 21, 2020. Annexed hereto as **Exhibit B** is an updated WebCivil Supreme Appearance Detail Report. (See also Plaintiff's Opposition to Motion to Dismiss, Docket No. 25.)

10. Accordingly, by Plaintiff's own admission, decision on the "Third and Fourth Causes of Action" is moot, as the issues raised by Plaintiff are currently being resolved in the separate Foreclosure Action which was commenced prior to the instant proceeding. (See Plaintiff's Opposition to Motion to Dismiss, Docket No. 25.)

11. Thus, rather than withholding decision on said cause of action pending the outcome of the Foreclosure Action which is dealing with adjudication of virtually identical claims by the Plaintiff, the instant proceeding should be dismissed.

12. Therefore, the Defendants renew the request to dismiss the Plaintiff's complaint pursuant to F.R.C.P. 12(b)(6), as the Plaintiff has failed to state a claim upon which relief can be granted.

**c. Plaintiff's complaint should be dismissed as Plaintiff does not dispute that insurance proceeds have been remitted in accordance with the Mortgage and Process Guidelines**

13. Plaintiff's Opposition appears to confirm receipt of the payment of insurance proceeds as set forth in Defendants' Motion to Dismiss. (See Plaintiff's Opposition to Motion to Dismiss, Docket No. 25.; see also: Defendant's Motion to Dismiss, Docket No. 19 – Exhibit E, Exhibit F, Exhibit H, Exhibit J, and Exhibit L.) Thus, Plaintiff fails to demonstrate that Defendants are wrongfully withholding insurance proceeds, and has failed to demonstrate that the amount in controversy exceeds $75,000.00.

14. Thus, as Plaintiff has failed to state a cause of action upon which relief can be granted and failed to demonstrate that this Court has subject-matter jurisdiction over the instant controversy, the Defendants renew the request to dismiss the Plaintiff's complaint pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

**WHEREFORE**, based upon the foregoing, the Defendant, Rushmore Loan Management Services LLC, as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1, requests entry of an order dismissing the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), with prejudice; and for such other and further relief as this Court deems just and proper.

Affirmed: January 16, 2020
　　　　　Fishkill, New York

**KNUCKLES, KOMOSINSKI & MANFRO, LLP**
*Attorneys for the Defendants Rushmore Loan Management Services LLC, and U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1*

 /s/ Érina Fitzgerald
ÉRINA FITZGERALD, ESQ.
300 Westage Business Center Drive, Suite 160
Fishkill, New York 12524
(914) 345-3020

*Main Office:*
565 Taxter Road, Suite 590
Elmsford, New York 10523