MEMORANDUM ENDORSEMENT

Kuhl v. U.S. Bank Trust National Association et al.,
19 CV 8403 (VB)

In the attached submission, plaintiff, proceeding pro se, requests leave to amend the complaint.

The Court defers ruling on plaintiff's request at this time.

By **August 10, 2020, defendants shall submit a joint letter**, not to exceed three pages, responding to plaintiff's request to amend the complaint, including what effect, if any, granting leave to amend the complaint would have on the pending motions to dismiss (Docs. ##12, 17).

In addition, plaintiff faxed the attached letter Judge Briccetti's chambers. Plaintiff must mail all future correspondence to the Pro Se Clerk at the following address:

United States District Court
Pro Se Clerk
300 Quarropas St.
White Plains, NY 10601

**To be clear, plaintiff shall not fax further submissions to Chambers. The Court will disregard any future submissions sent directly to Chambers.**

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: August 3, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge



115 South Quaker Lane
JONATHAN KUHL
Hyde Park, N.Y. 12538
845.224.1655 Email: johnkuhl.1957@yahoo.com

July 31, 2020

The Hon. Vincent Bricetti, USDJ
United State District Court
300 Quarropas St.
White Plains, NY 100601

Re: *Kuhl v. U.S. Bank et al,* 7:19-cv-04403

Dear Judge Bricetti:

    Through the efforts of the foreclosure resolution part in Dutchess County Supreme Court in March of 2020 I reached an agreement in principle with the putative lender to settle this case by allocating part of a fire insurance claim to what is alleged to be payment arrears. However, actual closing on this settlement has been held up by a claim asserted by one of the defendants, Rushmore Management Services relating to this action.

    To resolve this, I am seeking leave of the court to amend the complaint to allege damages pursuant to RESPA (12 USC 2605 (f).

    This problem began when after learning that there would be excess funds in the insurance award above and beyond the allege arrears. Rushmore sent me a bill $10,000+ which had not previously been identified. In that total was $4,837 identified only as "Litigation Fee." I wrote to Rushmore twice asking what that fee was but it declined to explain. This was a legitimate QWR under RESPA 12 CFR 1024.35 seeking information.

    Eventually, defense counsel explained that the $4.837 was for Rushmore's legal fees.(I have agreed to withdraw this action as part of the settlement). On learning this, I wrote to Rushmore noting that it is a violation of HUD rules to demand in a foreclosure payment of any fees outside the state court

action, and asking that it removes the $4,837 demand so we can go ahead with the settlement. This is a legitimate demand for an error correction pursuant to CFR 1024.35. Rushmore has replied to such demands with gobblyhgook.

Taken together, these show a "pattern or practice of noncompliance" with RESPA's requirement § 2605(f)(1)(B) allowing me to collect statutory damages in a private right of action. See 12 U.S.C. §§ 2605[f][1], 2605[f][3]) together with my actual damages of Rushmore continuing to bill me for "property inspections" and "property maintenance."

Because this court has previously chastised me for procedural violations, as an abundance of caution, before making a motion seeking to amend the complaint pursuant to FRCP 15 (2) I am first writing to seek leave for such a step.

Sincerely,

*Jonathan Kuhl*

Jonatan Kuhl

CC: John Brigandi