# Knuckles Komosinski & Manfro LLP

50 Tice Boulevard, Suite 183 | Woodcliff Lake, New Jersey 07677
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

**Partners**
Mark R. Knuckles
Richard F. Komosinski
Jordan J. Manfro
John E. Brigandi

**John E. Brigandi**
(201) 391-0370, ext. 401
jeb@kkmllp.com

August 10, 2020

**VIA ECF**
Hon. Vincent Briccetti, U.S.D.J.
United States District Court
300 Quarropas Street, Room 533
White Plains, NY 10601

Re: Kuhl v. U.S. Bank, et al.
    Case No. 19-cv-8403

Dear Judge Briccetti,

This office represents defendants U.S. Bank National Association, not in its individual capacity, but solely as Owner Trustee for Legacy Mortgage Asset Trust 2018-GS1 ("U.S. Bank") and Rushmore Loan Management Services, LLC ("Rushmore") in the above captioned matter. I write jointly with counsel for defendant MTGLQ Investors LP ("MTGLQ") in response to Plaintiff's request to amend the complaint and in accordance with Your Honor's August 3, 2020 Order (Dkt. 32) requesting that defendants file a joint letter responding to Plaintiff's request. The positions of U.S. Bank, Rushmore (collectively, the "defendants") and MTGLQ will be addressed separately herein.

Plaintiff's Requested Amendment

Plaintiff's correspondence seeks leave to amend his complaint to include a cause of action under 12 U.S.C. 2605(f) in connection with Rushmore's failure to complete a settlement reached in the Dutchess County Supreme Court in March 2020, by improperly requiring its legal fees to be included in the settlement agreement in violation of unspecified HUD rules. He further provides that he served qualified written requests ("QWR") under CFR 1024.35 upon Rushmore seeking information concerning these fees, but that Rushmore responded only with gobblyhgook. Collectively, Plaintiff contends these actions amount to a pattern or practice of noncompliance with 2605(f).

MTGLQ's Position

As Plaintiff does not seek to amend his complaint to add a cause of action against MTGLQ or to revise any of the allegations against MTGLQ, MTGLQ takes no position with respect to Plaintiff's request for leave to amend the complaint. Accordingly, in the event the Court grants Plaintiff leave to amend his complaint to include an additional cause of action against Rushmore and/or U.S. Bank, MTGLQ intends on relying upon its pending and fully briefed motion to dismiss with respect to the amended complaint, which is presently ripe for adjudication.

**Main Office**      565 Taxter Road, Suite 590| Elmsford, NY 10523 | Tel (914) 345-3020 | eFax (914) 992-9154

Knuckles Komosinski & Manfro LLP — 50 Tice Boulevard, Suite 183 | Woodcliff Lake, New Jersey 07677
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

Page 2 of 2

Rushmore & U.S. Bank's Position

As a preliminary matter, none of these claims relate back to the conduct, transaction or occurrence set forth in his original complaint. Fed.R.Civ.P. 15. They do nothing to address the jurisdictional defects raised in Defendants' motion to dismiss. Instead, Plaintiff appears to be seeking leave to file a supplemental pleading under Fed.R.Civ.P. 15(d), solely based upon actions occurring in a state court proceeding. This Court should decline to exercise jurisdiction over such claims as they are inextricably intertwined with ongoing settlement discussions in Dutchess County Supreme Court Settlement Conference Part. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (establishing criteria for the dismissal of a federal matter in deference to parallel state proceedings: (1) whether the state or federal court has assumed jurisdiction over a case; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the concurrent forums obtained jurisdiction).

Moreover, permitting a supplemental pleading based upon the claims alleged would be futile. Settlement discussions are generally considered to be privileged communications for the purpose of facilitating resolution of claims. This is especially true in the foreclosure settlement conference part, where the courts provide staff to address and mediate the parties' disputes in an effort to resolve the claims in a quick and practicable manner that is fair to both lenders and borrowers. This process ensures fair dealing between lenders and unsophisticated parties, as the courts routinely hold lenders accountable in the event they fail to act in good faith. Notwithstanding, no settlement was reached between the parties in the state court proceeding. To the extent Plaintiff contends a settlement was reached "in principle," any claim arising out of the purported breach should be resolved in the court that facilitated such agreement. Plaintiff may not bootstrap a breach of contract claim under the Real Estate Settlement Procedures Act ("RESPA") to obtain subject matter jurisdiction and avoid dismissal of his claims on the pending motions to dismiss for lack of jurisdiction.

Finally, Plaintiff fails to state which section of 12 U.S.C. 2605 that Rushmore purportedly violated, instead relying upon 2605(f) which simply provides a private right of action in the event a mortgage loan servicer violates a prior provision of RESPA. This is improper as Plaintiff fails to provide any facts supporting a claim for a violation of RESPA, and he admittedly received a response to his QWR Letter from Rushmore. Moreover, the Court need not accept as true any legal conclusions or threadbare recitals of a cause of action supported by conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not provide "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 545 (2007).

For these reasons, Defendants respectfully request that Plaintiff's request to amend the complaint is denied.

Respectfully submitted,

 /s/ John E. Brigandi
John E. Brigandi, Esq.