UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JONATHAN KUHL, :
                      Plaintiff, :
 :
v. :
 :
 :    **ORDER**
U.S. BANK TRUST NATIONAL :
ASSOCIATION, not in its individual Capacity :
but solely as Owner Trustee for legacy :    19 CV 8403 (VB)
Mortgage Asset Trust 2018GS-1; MTGLQ :
INVESTOR, LP; and RUSHMORE LOAN :
MANAGEMENT SERVICES LLC, :
                      Defendants. :
--------------------------------------------------------------x

       On July 31, 2020, plaintiff faxed to the Court a letter alternately (i) requesting leave to file a motion to amend his complaint pursuant to Fed. R. Civ. P. 15, and (ii) seeking leave to amend the complaint to add a new claim pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. (See Doc. #32). On August 3, 2020, the Court ordered defendants to file a letter responding to plaintiff's request, including to address what effect, if any, granting leave to amend the complaint would have on the pending motions to dismiss. (Id.). On August 10, 2020, defendants filed a letter in which MTGLQ Investor, LP ("MTGLQ") took no position on the motion for leave to amend, and in which U.S. Bank Trust National Association, not in its individual Capacity but solely as Owner Trustee for legacy Mortgage Asset Trust 2018GS-1 ("U.S. Bank") and Rushmore Loan Management Services LLC ("Rushmore") opposed plaintiff's request to amend the complaint. (Doc. #34).

       The Court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

1

opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, plaintiff originally brought claims against U.S. Bank and MTGLQ for violations of the Truth in Lending Act, and against Rushmore for breach of fiduciary duty and equitable relief for failure to pay insurance proceeds. (See Doc. #2). The Court discerns no nexus between those claims and plaintiff's proposed RESPA claim. Thus, the Court concludes to allow plaintiff to now amend his complaint to add the RESPA claim would cause defendants U.S. Bank and Rushmore undue prejudice.

Accordingly, it is HEREBY ORDERED that plaintiff's request to file a motion to amend the complaint is DENIED. To the extent plaintiff also moved to amend the complaint, that request is also DENIED.

The pending motions to dismiss will be decided in due course. (Docs. ##12, 17).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: August 18, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge