U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

---------------------------------------------------------------x
JONATHAN KUHL                                                  :
                                                               : INDEX: 19-cv-8403
                                                               :
         Plaintiff                                             :
                                                               :
v.                                                             :
                                                               :
U.S. BANK TRUST NATIONAL                                       :
ASSOCIATION, NOT IN ITS INDIVIDUAL                             :
CAPACITY BUT SOLELY AS OWNER                                   :
TRUSTEE FOR LEGACY MORTGAGE                                    :
ASSET TRUST 2018GS-1, MTGLQ                                    :
INVESTORS, LP and RUSHMORE LOAN                                :
MANAGEMENT SERVICES LLC                                        :
                                                               :
         Defendants                                            :
---------------------------------------------------------------x

      This memorandum is submitted by the self-represented plaintiff, Jonathan Kuhl, in response to the court's order of Judge Bricetti dated August 3, 2020, which I received in Tuesday's mail, and to the letter of John Brigendi Esq. of Knuckles Komosinski & Manfro which I received at the same time.

      Mr. Brigendi's claim that the issues I seek to raise as RESPA violations are part of an "ongoing settlement negotiation" in state court. That's untrue. The state lawsuit was settled in a conference before a referee on January 21, 2020. The issues here are that Rushmore on multiple occasions refused to respond to Qualified Written Requests identifying the basis for $4,837 in "litigation fees" it

1

demanded be paid to it to complete the settlement, did not respond to a QWR demanding it correct that charge when Mr. Brigendi's firm(not Rushmore) eventually confirmed that the mystery "litigation fees" were those of the loan servicers in defending this action, and that the servicer impermissibly demanded more than $1,000 in fees for answering those Qualified Written Requests.

The state court cannot determine whether Rushmore properly demanded "litigation" fees from defending this case because the servicer is not a party to the foreclosure action and so Supreme Court has no jurisdiction over Rushmore, and because a state court cannot determine the merits of a party's legal fees in a separate Federal action.

## THE EFFECT OF GRANTING MY MOTION TOAMEND MY COMPLAINT ON THE PENDING MOTIONS TO DISMISS

The first two causes of action in my complaint allege that the defendants here violated 15 USC § 1641 (g) by not timely notifying me of the change of ownership of my loan within 30 days. I am confident I will defeat those two motions to dismiss because the defendants' own submissions show they did not timely notify me.

The Third cause of action alleges breach of fiduciary duty on the part of Rushmore in not dispensing funds owed to me it as holding under an insurance settlement so I could complete repairs on a fire-damaged garage-workshop.

Rushmore's motion to dismiss the Third Cause of Action [Document 28, December 16, 2019] is based solely on the argument that the matter was more properly before the Dutchess County Supreme Court.

Following counsel's suggestion, I asked the state court to resolve that and on January 21, 2020, a settlement was reached before Referee Lisa Rubinstein in Supreme Court foreclosure mediation part and subsequently "so ordered" by Judge Acker.

The terms of the "so ordered" settlement were that (a) I would substantially complete the repairs on my fire-damaged garage workshop, which have been done; (b) The insurance carrier would then release the funds from my fire damage claim to Rushmore, which has been done; I would sign a letter authorizing Rushmore to release the insurance funds to the lender to satisfy any arrears, which has been done, and finally, Rushmore would then use those funds to pay mortgage arrears and send the excess to me, which has not been done.

The settlement did not require me to pay any monies to Rushmore nor did it require me to withdraw this lawsuit, but I subsequently agreed to withdraw it once the funds were transferred.

In February, when I had already authorized Rushmore to use the insurance funds to pay the supposed mortgage arrears, the loan servicer for the first time sent me a bill demanding an undefined $10,579 in "recoverable advances" in addition

3

to the mortgage payments. (This has since grown to $11,732, the $1,156 difference being subsequent charges by Rushmore for answering my QWR).

On February 11, 2020 I sent a letter to Rushmore clearly identified that it was a Qualified Written Request pursuant to 12 USC § 2605 asking for an explanation. This is a legitimate request for information pursuant to 12 CFR 1024.36.

In response, Rushmore broke that down to show $4,837 of this sum was in unexplained "litigation costs." When I asked what the "litigation costs" were, Rushmore twice refused to explain.

Eventually, a lawyer from Mr. Brigandi's firm conceded that $4,837 represented Rushmore fees in defending this action and other sums derived from, among other things, the costs of responding to my QWR,

Accordingly, I wrote a QWR to Rushmore (a demand for billing correction pursuant to 12 CFR 1024.35) asserting that it could not demand fees from defending this action because the Federal court had not awarded any such fees, and that it cannot seek payment for answering such requests(12 CFR § 1024.36 (g)) and that it correct its error and remitted my mortgage payments to the Legacy Mortgage Asset Trust to complete the settlement. It has refused to do so.

4

Thus, over a period of six months, Rushmore has violated RESPA on at least six occasions by refusing to answer questions or correct errors and illegally billing the costs of answering QWR.

Taken together, these show a "pattern or practice of noncompliance" with RESPA's requirement thus violating § 2605(f)(1)(B) and allowing me to collect damages in a private right of action. See 12 U.S.C. §§ 2605[f][1], 2605[f][3]). I am entitled to actual damages together with statutory damages up to $2,000 per incident.

In the meantime, while the funds for my mortgage payments are in the servicer's bank account, it will not forward the to the lender without my allowing it to pocket about $5,800 representing the servicer's legal fees in defending this action and its costs in answering QWR.

Thus, while it holds the funds necessary to bring my mortgage up to date, Rushmore refuses to do so, continues to charge me for "property inspections" which have not been made, "property maintenance" which has not been performed and report me to credit reporting agencies as being "in foreclosure."

If a mortgage loan servicer fails to comply with its duties to respond appropriately to a qualified written request, the individual borrower is entitled to "any actual damages to the borrower as a result of the failure." § 2605(f)(1)(A). The borrower also may recover "any additional damages, as the court may allow,

in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." § 2605(f)(1)(B). Such actual damages in this case would include, among other things, the loss of credit-worthiness and standing in the community from the improper reporting to credit agencies that I am "in foreclosure."

## SUPPLEMENTING THE COMPLAINT

The Third Cause of Action in original complaint alleges that Rushmore is guilty of breach of fiduciary duty in withholding insurance payments from me. It moved to dismiss urging that I resolve that question in Dutchess County Supreme Court, which I have done. However, Rushmore is now refusing to pay the insurance funds it holds to the lender unless I pay its litigation fees for defending this action and the costs of answering QWR under RESPA.

That self-enrichment at my expense is a new and different breach of fiduciary duty. FRCP 15(d) holds that "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented . . ."

FRCP 15 (a) holds that my request for amend the complaint "should freely give leave when justice so requires."

In this instance, I have no recourse under the Fair Debt Collection Practices Act §§ 1692 even though Rushmore has demanded fuds it is not entitled to because it is not a debt collector; the state court in the current foreclosure lawsuit cannot resolve issues concerning Rushmore's "litigation fee" demands because it does not have jurisdiction over the loan servicer and cannot determine appropriateness of a demand for legal fees in a separate Federal action, and I cannot bring the RESPA claim in the state action because I have made a pre-answer motion there to dismiss for lack of standing and bringing a counter-claim would concede jurisdiction.

There is no intent here evade the rulings of the state court, or to shift to this court the burden of a claim which should be brought in Dutchess County Supreme court.

The appropriate solution is for me to amend the complaint to allege the new and different breach of fiduciary duty and RESPA violations in this action, together with such other and further relief as this court deems just.

Respectfully,

*[signature]*

Jonathon Kuhl, *pro se*    Dated: August 12, 2020.

Aff of service being sent seperately



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; October 2018; All rights reserved.

**USPS PRIORITY MAIL EXPRESS**

U.S. POSTAGE PAID
PME
AMENIA, NY
12501
AUG 13, 20
AMOUNT
$26.35
R2305K137208-02

Tracking: EJ 362 134 EE1 US

FROM:
Kohl
484 B LT 44
Amenia NY 12501

TO:
Pro Se Clerk
US Dist Court
300 Quarropas St
White Plains NY
10601

Date Accepted: 8/13/20
Time Accepted: 11:24 PM
Weight: 3 lbs
Scheduled Delivery Date: 8/14/20
Scheduled Delivery Time: 3:00 PM
Postage: $26.35
Total Postage & Fees: $26.35

Received AUG 13 2020 U.S.D.C. W.P.