UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
JONATHAN KUHL,                                  :
                                                :
                          Plaintiff,            :     Civil Action No.:  19-CV-8403
                                                :
-against-                                       :
                                                :     **DEFENDANTS' ANSWER TO**
U.S. BANK TRUST NATIONAL                        :     **PLAINTIFF'S  COMPLAINT**
ASSOCIATION, not in its individual              :
capacity, but solely as owner trustee for       :
Legacy Mortgage Asset Trust 2018GS-1;           :
RUSHMORE LOAN MANAGEMENT                         :
SERVICES, LLC et al.                            :
                                                :
                          Defendants.           :
-----------------------------------------------------X

Defendants U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee for Legacy Mortgage Asset Trust 2018GS-1 ("U.S. Bank") and Rushmore Loan Management Services, LLC ("Rushmore") (collectively, "Defendants"), by and through their attorneys, as for their Answer to the Complaint of Plaintiff Jonathan Kuhl  ("Plaintiff"), hereby states as follows:

**PRELIMINARY STATEMENT**

1.     Defendants admit that this action concerns a mortgage secured against Plaintiff's property which was assigned to U.S. Bank, but denies all remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.     Defendants deny the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint,

except Defendants admit that a fire occurred at the subject property in or about February 2019.

4.      Defendants admit that Rushmore received insurance proceeds in connection with the fire at Plaintiff's property.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit that Rushmore sent correspondence to Plaintiff dated April 22, 2019, which speaks for itself. Defendants deny all remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit that Rushmore sent correspondence to Plaintiff dated April 22, 2019, which speaks for itself. Defendants deny all remaining allegations set forth in paragraph 6 of Plaintiff's Complaint.

7.      Defendants deny the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.      Defendants deny the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.      Defendants admit that Plaintiff seeks actual and statutory damages, but denies that Plaintiff has a valid basis for doing so, and further deny all remaining or inconsistent allegations set forth in paragraph 9 of Plaintiff's Complaint.

## JURISDICTION

10.      The allegations set forth in paragraph 10 of Plaintiff's Complaint state a legal conclusion to which no response from Defendants is required. To the extent a

response is required, Defendants deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

## PARTIES

11.     Defendants admit the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12.     Defendants deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13.     Defendants admit the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

16.     Defendants admit the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### As Against U.S. Bank National Association Not In Its Individual Capacity
### but Solely as Owner Trustee for Legacy Mortgage Asset Trust 2018 GS1
### Violation of 15 USC 1641 g

40.    Defendants repeat and reallege their responses to the previous paragraphs as if set forth at length herein.

41.    The allegations set forth in paragraph 41 of Plaintiff's Complaint state a legal conclusion to which no response from Defendants is required. To the extent that a response is required, Defendants state the Helping American Families Save their Homes Act and the Truth of Lending Act speak for themselves.

42.    Defendants deny the allegations set forth in paragraph 42 of Plaintiff's Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### As against MTGLQ – Violation of 15 USC 1641 g

43.    Defendants repeat and reallege their responses to the previous paragraphs as if set forth at length herein.

44.    Defendants are not required to respond to paragraph 44 of Plaintiff's Complaint as it sets forth no allegations against them. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of Plaintiff's Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
### As against Rushmore Loan Management – Breach of Fiduciary Duty

45.    Defendants repeat and reallege their responses to the previous paragraphs as if set forth at length herein.

46.    Defendants deny the allegation set forth in paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegation set forth in paragraph 47 of Plaintiff's Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### As against Rushmore Loan Management – Equitable Relief

48.     Defendants repeat and reallege their responses to the previous paragraphs as if set forth at length herein.

49.     Defendants deny the allegations set forth in paragraph 49 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by Defendants' right to setoff and/or recoupment arising from defaults, deficiencies, judgments or otherwise.

### THIRD AFFIRMATIVE DEFENSE

Defendants are not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

### FOURTH AFFIRMATIVE DEFENSE

Defendants did not breach any legal duty to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Rooker-Feldman doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.


**WHEREFORE,** defendants U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee for Legacy Mortgage Asset Trust 2018GS-1 and Rushmore Loan Management Services, LLC demand judgment in their favor and against Plaintiff Jonathan Kuhl, dismissing the Complaint with prejudice and awarding Defendants costs, attorneys' fees, and such other and further relief as the Court deems just and proper.


DATED:  October 9, 2020        **Knuckles, Komosinski & Manfro, LLP**


                                    By: ___/s/John E. Brigandi_____
                                    JOHN E. BRIGANDI, ESQ.
                                    600 E. Crescent Ave., Suite 201
                                    Upper Saddle River, NJ 07458
                                    (201) 391-0370
                                    jeb@kkmllp.com