UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JONATHAN KUHL,

        Plaintiff,

v.

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE FOR LEGACY MORTGAGE ASSET TRUST 2018GS-1, AND RUSHMORE LOAN MANAGEMENT SERVIVES, LLC.,

        Defendants.

CASE NO.: 19-CV-8403

---

MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

---

Knuckles, Komosinski & Manfro, LLP
600 E. Crescent Ave., Suite 201
Upper Saddle River, NJ 07458
(201) 391-0370
*Attorneys for Defendants*

John E. Brigandi, Esq.
On the Brief

1

**PRELIMINARY STATEMENT**

Defendants U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for Legacy Mortgage Asset Trust 2018GS-1 and Rushmore Loan Management Services, LLC (collectively, "Defendants") respectfully submit this memorandum of law in opposition to plaintiff Jonathan Kuhl's ("Plaintiff") motion to amend the complaint.

As set forth more fully below, Plaintiff's motion should be denied as the proposed amendment would be futile. Notwithstanding that Plaintiff failed to timely demand a jury trial, he would not have been entitled to one as his claims for equitable relief, and for violations of the Truth in Lending Act ("TILA"), do not warrant a jury trial.

**LEGAL ARGUMENT**

**A.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading prior to trial upon leave of court when justice so requires. Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed.R.Civ P. 15(a)).  District courts "ha[ve] broad discretion in determining whether to grant leave to amend," Gurary v. Winehouse, 235 F.3d 793, 801 (2d Cir. 2000).

A court may deny leave to amend, however, in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).  A party opposing a motion to amend bears the burden of establishing that an amendment would be futile.  Bonsey v.

Kates, 2013 LEXIS 119571 (S.D.N.Y. Aug. 21, 2013). An amendment is considered "futile" if the amended pleading fails to state a claim, or would be subject to a successful motion to dismiss on some other basis. See Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

### B.     Plaintiff's Proposed Amendment is Futile

Although no proposed Amended Complaint was filed in connection with the instant motion, it appears that Plaintiff is seeking to amend his Complaint solely to add a jury demand. See memorandum of law p. 2. Such a request is futile. Plaintiff waived his right to a jury trial by failing to serve and file a demand for one within fourteen (14) days after Defendants filed their Answer on October 9, 2020. Fed.R.Civ.P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed"); Fed.R.Civ.P. 38(b) (providing that a written demand for a jury trial must be served "no later than 14 days after the last pleading directed to the issue is served").[1]

Nevertheless, FRCP 39(b) provides that "the court in its discretion upon motion may order a trial by jury of any and all issues," and Defendants acknowledge that the right of a jury trial is fundamental, with courts encouraged to indulge the presumption against waiver. Fed.R.Civ.P. 39(b); Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937). In determining whether to grant leave to amend under FRCP 39(b), the Court may consider "(1) whether the action is typically the type of case tried to a jury; (2) whether the parties have proceeded on the assumption that the case would be tried before a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried before a jury." Tanvir v. Laporte, 169 F.R.D. 292, 294 (S.D.N.Y. 1996).  The factors here warrant denial.

---

[1] Pro se litigants are not treated differently with regard to waiver of a right to jury. See e.g. Washington v. New York City Board of Estimate, 709 F.2d 792, 797-98 (2d Cir 1982), cert. denied 464 U.S. 1013 (1983); McCarthy v. Bronson, 906 F.2d 835 (2d Cir. 1990), aff'd. 500 U.S. 136 (1991).

First, Plaintiff's claims against Rushmore are equitable in nature. Specifically, Plaintiff's claims for breach of fiduciary duty (Count III), and for equitable relief (Count IV), seek an order directing Rushmore to turn over insurance funds that are being held in the suspense account for Plaintiff's mortgage loan so that he can complete repairs at his property. As this relief is injunctive in nature, a jury trial is not available. AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 451 (2d Cir. 2009) ("The Seventh Amendment affords a right to trial by jury in civil cases arising in law rather than equity"); Chevron Corp. v. Donziger, 2013 LEXIS 144764, at *2 (S.D.N.Y. Oct. 7, 2013) ("[I]t is well settled that when a party… pursues only equitable relief, a jury trial is no longer available and issues must be tried by the court. Given [the plaintiff's] unequivocal commitment to seek in this action only equitable relief, that is the end of the matter"); Eden Foods, Inc. v. Baksht, 2014 LEXIS 182356, at * 4 (E.D.N.Y. Dec. 10, 2014) ("This right to a jury trial does not exist in actions in which the complaint only seeks injunctive or other equitable relief").

Count III additionally seeks $50,000.00 for "lost work" because Plaintiff alleges that he is unable to use his garage workshop. Complaint ¶ 47. This allegation should not be considered as it lacks any nexus to the facts presented in Plaintiff's Complaint which fail to provide any information concerning Plaintiff's employment, the type of work performed in the garage/shop, or any additional information concerning the alleged "lost work." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (the Court need not accept as true and legal conclusions or threadbare recitals of a cause of action supported by conclusory statements); Bell Atl. Corp v. Twombly, 550 U.S. 544, 545 (2007) ("a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do"). At the very least, Plaintiff was required to provide additional information concerning his

damages pursuant to Fed.R.Civ.P. 26(a). At the time of this filing, Plaintiff has not served his initial disclosures, as directed by this Court to do by November 1, 2020. (Dkt. 47) At best, Plaintiff's conclusory demand for $50,000.00 is incidental to the equitable relief sought in his Complaint. Moreover, these allegations are particularly troublesome as Plaintiff was solely provided a residential mortgage loan encumbering a one or two family dwelling as his primary residence, rather than a commercial loan for business purposes. This appears to be an obvious breach of the parties' agreement, if it were true.

Plaintiff's remaining claim against U.S. Bank for a violation of TILA (Count I) does not entitle Plaintiff to a trial by jury. See Maddox v. Kentucky Finance Co., Inc., 736 F.2d 380, 383 (6th Cir. 1984) ("TILA claims are heard by the court without a jury and ordinarily involve only questions of law based on the face of the loan documents"); Cabrera v. Courtesy Auto Sales, Inc., 192 F.Supp.2d 1012, 1021, (D.Neb. Mar. 22, 2002) ("TILA claims are heard by the court without a jury and ordinarily involve questions of law based on the face of the loan documents… there may, however, be a right to a trial by jury on the issue of damages") (citations omitted); Franklin v. Hartland Mortgage Ctrs., Inc., 2001 LEXIS 24238, at *1 (N.D.Ill. June 18, 2001) (finding, in TILA case, that "[t]here is no right to a jury trial for suits arising in equity"); In re Friedberg, 131 B.R. 6, 10-12 (Bankr. S.D.N.Y. 1991) ("[T]he equitable aspects of the [TILA] claim clearly predominates, and thus in the Court's view this issue is equitable and does not entitle appellant to a jury"); In re Spence, 276 B.R. 149, 153-55 (Bankr. N.D. Miss. 2001) (bifurcating TILA trial into equitable issues tried first and legal issued tried second, because by requesting nine forms of relief in equity and only two forms of relief in law, the complaint "largely [sought] equitable relief"); See also Diaz v. Paragon Motors of Woodside, Inc., 2008 WL 2004001, at *1 (E.D.N.Y. May 7, 2008) (indicating that district court conducted a bench trial on damages on plaintiff's TILA claim,

following establishment of liability through summary judgment motion practice); Krutchoff v. Fleet Bank, N.A., 960 F.Supp. 541, 543-44 (D.Conn. 1996) (indicating the district court conducted a bench trial for actual and statutory damages under TILA).[2]

The second factor weighs favorably for Defendants as the parties have been litigating this proceeding under the assumption that no jury trial was demanded. Beyond Plaintiff's failure to seek a jury demand in September 2019 when he filed this action, he continued his consent to a non-jury trial upon the filing of the joint proposed civil case discovery plan and scheduling order filed with this Court on October 21, 2020. (Dkt. 46) Additionally, Plaintiff previously sought to amend his complaint on August 3, 2020, solely to add causes of action under the Real Estate Settlement Procedures Act ("RESPA"). (Dkt 32) He did not seek to add a jury demand at that time. Objectively, Defendants had no reason to believe that a jury demand had been made, particularly in light of the previously cited case law providing that claims for equitable relief, and for TILA violations, do not warrant a jury trial.

Third, Defendants will be unduly prejudiced by proceeding with a jury trial in both the form of costs and attorney fees to be incurred in the event this matter proceeds to trial. This impacts the decision making by Defendants in the manner by which they chose to defend the proceeding. See Reliance Electric Co. v. Exxon Capital Corp., 932 F.Supp. 101, 103 (S.D.N.Y. 1006). It factored into Defendants' decision seeking to dismiss Plaintiff's Complaint under Fed.R.Civ.P.

---

[2] "TILA does not specify whether jury trials are available in TILA actions." Consumer Law Credit Manual, 1.10[6] (Matthew Bender 2004); see also Barber v. Kimbrell's Inc. & Furniture Distributors, Inc., 577 F.2d 216, 224, n.23 (4th Cir. 1978) ("[W]e think that [TILA] and its legislative history are inconclusive with regard to jury trial issue…"). This has led to several inconsistent holdings with those cited previously. Id. (holding the district court improperly decided damages on TILA claims through bench trial, because statutory damages sought were legal in nature, and the issue of statutory damages owed to a class was a factual issue). See also Darling v. Indymac, F.S.B., 2007 LEXIS 88931, at *11, n.3 (D.Me. Dec. 3, 2007) (indicating that liability and damages on plaintiff's TILA claim were properly decided through jury trial as "there is a legal component to their TILA claim that is properly submitted to jury in light of their jury demand…"); Franklin v. Hartland Mortgage Ctrs., Inc., 2001 LEXIS 24238, at *1-2 (N.D.Ill. June 18, 2001) (denying motion to strike jury demand because plaintiff sought statutory damages under TILA).

12(b), oppose Plaintiff's initial motion to amend, and conduct discovery, each of which impacts settlement discussions.

Finally, Defendants oppose any additional amendments, beyond the jury trial demand reflected in Plaintiff's motion, as it is unclear how they would be viable. Plaintiff's motion fails to include a copy of the proposed pleading, or any such basis in his motion. Defendants are therefore deprived of the opportunity to review the proposed pleading, and any amendments thereto. <u>See generally</u> <u>Pet Quarters, Inc. v. Depository Trust & Clearing Corp.</u>, 559 F.3d 772 (8th Cir. 2009); <u>Spadafore v. Gardener</u>, 330 F.3d 849 (6th Cir. 2003).

## **CONCLUSION**

For the foregoing reasons, Defendants request that Plaintiff's motion to amend his Complaint be denied.

DATED:  November 20, 2020                    KNUCKLES, KOMOSINSKI & MANFRO, LLP.

By: s/ John E. Brigandi
         JOHN E. BRIGANDI

600 E. Crescent Ave., Suite 201
Upper Saddle River, New Jersey 07458
(201) 391-0370
*jeb@kkmllp.com*

Attorneys for Defendants