U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

---------------------------------------------------------------x
JONATHAN KUHL                                                  :
                                                               : INDEX: 19-cv-8403
                                                               :
        Plaintiff                                              :
                                                               :
v.                                                             :
                                                               :
U.S. BANK TRUST NATIONAL                                       :
ASSOCIATION, NOT IN ITS INDIVIDUAL                             :
CAPACITY BUT SOLELY AS OWNER                                   :
TRUSTEE FOR LEGACY MORTGAGE                                    :
ASSET TRUST 2018GS-1, MTGLQ                                    :
INVESTORS, LP and RUSHMORE LOAN                                :
MANAGEMENT SERVICES LLC                                        :
                                                               :
        Defendants                                             :
---------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT
## OF MOTION TO AMEND COMPLAINT

This memorandum is submitted by the self-represented plaintiff in further support of his motion under FRCP 15 to amend his complaint correcting his failure to specify a demand for jury trial as well as in opposition to the memorandum of defendants' counsel, John Brigandi.

Mr. Brigandi's argument, reduced to its simplest terms, is that because one of Mr. Kuhl's remaining causes of action <u>might be</u> equitable in nature, and the other is sort of an equitable claim even though it isn't, then this motion is futile.

1

However, FRCP 18 (a) provides that a plaintiff "may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party."

The U.S. Supreme Court has already addressed this issue. "[W]here both legal and equitable issues are presented in a single case ... only under the most imperative circumstances, ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962) ... [This] rule applies whether the trial judge chooses to characterize the legal issues presented as 'incidental' to equitable issues or not."

Further, the two surviving claims do not share the same nexus (The violation of a Federal statute on one hand and a state common law claim on the other) nor the same defendants (the Trustee bank and the loan servicer.)

In *Reliability Research v. Computer Associates* (851 F. Supp. 58 (EDNY)) the court explained that "the weight of authority holds that the right to a jury trial cannot be defeated by characterizing legal claims as incidental to equitable claims...., "

Mr. Kuhl's proposed amended complaint would solely add the line: "Plaintiff demands a jury trial on all issues permitted by the Seventh Amendment." That amendment reads: "In Suits at common law, where the value in

2

controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

As the case now stands, the court has dismissed Mr. Kuhl's second cause of action, that MTGLQ Investors violated 15 USC § 1641 (g) by not notifying him of the change in ownership of his loan within 30 days, and the fourth cause of action, that Rushmore Loan Services should be ordered to release to him further insurance proceeds to he could resume work in his garage workshop is moot, because the loan servicer did, grudgingly, eventually part with the monies necessary to get his business up and running.

This leaves the second cause of action, that U.S. Bank N.A. violated 1641 (g) by not timely notifying, and the third cause of action, that Rushmore Loan Services breached the covenant of good faith and fair dealing by unreasonably withholding the insurance funds for its own benefit; there is no demand for equitable relief as he does not seek the turnover of funds but rather damages, In *Reliability Research v. Computer Associates* (851 F. Supp. 58 (EDNY)) the court explained that "the weight of authority holds that the right to a jury trial cannot]t be defeated by characterizing legal claims as incidental to equitable claims…., [T]United States Supreme Court has stated that only under the most imperative

circumstances can the right to a jury of legal issues be lost through prior determination of equitable claims."

Mr. Brigandi argues (in Footnote 2 of his brief) that there are conflicting decisions on whether TILA claims are entitled to a jury trial, but in this case, in addition to statutory damages Mr. Kuhl asks for "actual damages" from U.S. Trust for its 1641 violation which is clearly a legal claim.

Mr. Brigandi argues vociferously, using the time-worn *Ashcroft v. Iqbal* precedent that this latter claim is not supported by the factual allegations in the complaint, and so it should not be considered in weighting he right to jury trial, but he lost that argument when the court denied his 12 (b) (6) and that is so now just "sore loser" talk.

This motion was made *before the deadline Mr. Brigandi agreed to* for amending the complaint. Mr. Brigandi was aware of the plaintiff's desire to amend to add a jury trial demand before he signed that agreement ( because it says so contrary to counsel's statement in his brief) and it is clear that Mr. Kuhl believed he was entitled to a jury trial.

Mr. Brigandi's argument that the plaintiff did not follow the proper procedures in demanding a jury trial first came up in the negotiation of that schedule, and this relief is promptly sought after that, It was made before the very first discovery demand by either party was mailed. Mr. Kuhl did not "consciously"

4

waive his jury trial right; the court form he filled out on filing demands one. Mr. Brigandi's assertions of "legal costs" and "litigation strategy" are undocumented and purely speculative.

In *Makosky v. Adzuk* (Lexis 144376 (DC NY 2008)) that court held that amendment should be allowed when " There is no evidence of bad faith or undue delay on the part of the Plaintiffs and there is no indication that Plaintiff will suffer prejudice where the Plaintiffs have sought to amend well before the conclusion of discovery."

WHEREFORE, Mr. Kuhl asks this is motion pursuant to FRCP 15 to amend his complaint to add a jury trial be granted, together with such other further relief as the court deems just.

Respectfully,

*[signature]*

Jonathan Kuhl, *pro se* Dated: November 24, 2020

Cc: John Brigandi

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NY (White Plains)

-----------------------------------------------------------x
JONATHAN KUHL                                              :
                                                           : INDEX: 19-cv-8403
                                                           :
         Plaintiff                                         :
                                                           :
v.                                                         :
                                                           :
U.S. BANK TRUST NATIONAL                                   :
ASSOCIATION, NOT IN ITS INDIVIDUAL                         :
CAPACITY BUT SOLELY AS OWNER                               :
TRUSTEE FOR LEGACY MORTGAGE                                :
ASSET TRUST 2018GS-1, MTGLQ                                :
INVESTORS, LP and RUSHMORE LOAN                            :
MANAGEMENT SERVICES LLC                                    :
                                                           : **AFFIDAVIT OF SERVICE**
                                                           :
         Defendants                                        :
-----------------------------------------------------------x

DONALD P. ROSENDALE states under penalty of perjury:

    1. I am over 18 years if age and not a party to this action. I served the herein Plaintiff's Memorandum in further support of a motion to amend the complaint on the defendants on November 24, 2020 by placing a copy in an envelope addressed to their attornet, John Brigandi, Esq., at his office, Knuckles, Komosinksi and Lango at their officers, 600 East Crescent St., Upper Saddle River, NJ.
    2. Sealing that envelope and placing it in depository for the U.S. Mail.
    3. A swear under penalty of perjury that the above statements are true.

Respectfully,

Donald Rosendale
4848 Route 44
Amenia NY 12501

TO:

Rosemarie
4848 rt. 44
Amenia, NY 12501

Pro Se Clerk
US District Court
300 Quarropas Rd
White Plains, NY





