# Knuckles Komosinski & Manfro LLP

600 E. Crescent Ave., Suite 201 | Upper Saddle River, New Jersey 07458
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

**Partners**
Mark R. Knuckles
Richard F. Komosinski
Jordan J. Manfro
John E. Brigandi

**John E. Brigandi**
(201) 391-0370, ext. 401
jeb@kkmllp.com

January 8, 2021

**Via ECF**
Hon. Vincent L. Briccetti, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    Kuhl v. Rushmore, et al.
             Case No. 19-cv-8403

Dear Judge Briccetti,

       This office represents defendants Rushmore Loan Management Services, LLC, and U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee for Legacy Mortgage Asset Trust 2018GS-1 (collectively, "Defendants") in the above-referenced action. Defendants intended to submit this letter jointly with plaintiff Jonathan Kuhl ("Plaintiff") in accordance with Your Honor's October 29, 2020, Order. In attempting to do so, I sent a proposed letter to Plaintiff on January 5, 2020, requesting that he provide Plaintiff's proposed edits in redline format. I did not get a response to my email, or follow-up email. I then provided an additional opportunity for Plaintiff to provide his proposed edits on January 8, 2021. In response, Plaintiff provided a copy of his own letter that appears to have been submitted to the Court (but not filed) on or about January 5, 2021. I again offered Plaintiff an opportunity to join this correspondence, but at the time of this filing, I have not heard back. As such, I am filing this correspondence solely on behalf of Defendants, and apologize for the parties' inability to fully comply with Your Honor's October 29, 2020 Order. This was not my intention.

       Notwithstanding, a settlement conference was scheduled for December 8, 2020 in the pending state court foreclosure proceeding. At that time, the parties discussed a global resolution of both the instant action and the foreclosure proceeding, via a loan modification. Thereafter, Defendants provided Plaintiff with a proposed trial modification. Plaintiff has subsequently rejected that proposed modification and demanded a significant reduction of $98,000.00 in the balance due and owing on his

mortgage loan, a reduction of approximately $2,000.00 in the monthly payments due thereunder, and a reduction of the interest rate. Defendants are unwilling to agree upon these terms. As such, it appears the parties are at an impasse regarding settlement. However, the parties will be appearing for another settlement conference in the foreclosure action on January 20, 2021, whereby it is Defendants' intention to continue settlement discussions in good faith.

In the event that settlement is not reached, Defendants intend to pursue a motion for summary judgment in this action following the expiration of the fact discovery deadline on January 30, 2021. The parties are actively engaged in written discovery at this time. Defendants timely responded to Plaintiff's discovery demands on January 5, 2021, and are currently awaiting Plaintiff's responses to Defendants' discovery demands which were served on November 3, 2020.[1] Defendants will submit a pre-motion letter in accordance with Your Honor's individual rules of practice prior to seeking such relief.

Respectfully Submitted,

/s/ John E. Brigandi
John E. Brigandi

cc: Jonathan Kuhl (via email)

---

[1] Plaintiff's January 5, 2021, correspondence to this Court (which at the time of this filing does not appear to have been filed) indicates that he will not be responding to Defendants' discovery demands as they appear to be directed to another plaintiff. They are not. He is incorrect. The discovery demands were properly captioned, include definitions specific to this action, and were properly served upon Mr. Kuhl. They request basic information and documentation regarding the claims herein. I intend to speak with Plaintiff further to meet and confer regarding his mischaracterized issues, and if necessary, seek the Court's intervention pursuant to Local Rule 37.2. I hope that is unnecessary.