# JONATHAN KUHL
115 South Quaker Lane
Hyde Park, N.Y. 12538
845.224.1655   Email: johnkuhl957@yahoo.com

January 7, 2021

Hon. Vincente Briccetti
U.S. District Court
300 Quaroppas St.
White Plaina, N.Y. 10601

Re: Kuhl v. Rushmore, 19-cv-8403

Dear Judge Brigandi:

    This is in response to the status letter by John Brigandi, counsel for the defendants, dated December 5, 2021. It is not a "joint" letter[1] inasmuch as Mr. Brigandi did not consult with me and does not accurately reflect what has happened. I believe part of this problem is that in this work-from-home environment, Mr. Brigandi has not been receiving adequate help from his support staff and clients. In particular, he is far off base in attempting to picture me as intransigent in discussing settlement.

    When we last talked, Mr. Brigandi stated that while not yet firm, the settlement offer from his client in the state foreclosure was a $2,700 a month payment with an interest rate of 6%. This was substantially higher than the $2,000 monthly payment on 4% interest which had previously been postured by an appearance attorney at a state Supreme Court conference and confirmed by a former member of his firm.

    Our next meeting before the state mediator was scheduled for December 8, 2020 at which time he had promised he would have an firm offer. When nothing had been heard from him, I gave him a polite "nudge" and in response received a proposed mortgage modification from his client Rushmore which demanded "trial period" payments of $4,700 a month, with no indication of what the contemplated interest rate was and what my payments would be at the end of the trial period. There were other flaws in that

---

[1] This morning I received an e-mail from him stating he is working on a draft of the "joint letter" he had already sent.

offer. For example, it demanded I pay Rushmore $54,000 in certified funds when that sum represents the insurance settlement to me held by the loan servicer, Rushmore. Obviously, $4,700 a month is beyond my ability to pay.

It appeared to be that Rushmore's position was that in exchange for a mortgage modification, I should simply drop this case. To me, that would be a confession that this action was a frivolous one brought solely to defer the foreclosure.

I made a counter offer. I suggested that the $54,000 by supplemented by whatever settlement sum we mutually agreed would be fair in this action, totally independent of the foreclosure. As a starting point, I used the sums sought in this complaint --- $30,000 for willfully withholding monies from the insurance which kept me from performing contracts, the $4,000 in statutory damages from my 1641(g) claim, and another $17,000 in insurance funds previously promised by Rushmore which now has been withdrawn. This is the $100,000 demand Mr. Brigandi now complains of. I suggested that if these sums did not bring me up to date (since no balance due had been described) that this be dealt with as a "balloon" at the end of the mortgage.

I made it very clear that my position was negotiable and I invited a counter offer from him, which has not been forthcoming.

This is complicated by the careless work of Mr. Brigandi's support staff. For example, his discovery demands were in fact those which had been directed to another plaintiff in another action by another bank, and the demands had no bearing on this case. I told Mr. Brigandi I would answer his discovery demands which when he presented correct ones, which he has not done.

Also, in the state foreclosure action, Ryshmore demands $7,000 which Mr. Brigandi's firm has accrued in defending this action. The state court referee has said that she cannot resolve it and it must be dealt with by you.

Sincerely,

Jonathan Kuhl





# USPS PRIORITY MAIL EXPRESS

**FROM:**
Rosendale
4848 NT 44
Ananig, NY 12501

**TO:**
Pro Se clerk
US District Court
300 Quarropas St.
White Plains, NY
10601

FO ZIP Code: 12501
Date Accepted: 1/7/21
Time Accepted: 4:58 PM
Flat Rate
Scheduled Delivery Date: 1/8/21
10:30 AM Delivery Fee
Postage: $26.35
Total Postage & Fees: $26.35

EP13F Oct 2018
OD: 12 1/2 x 9 1/2
LABEL 11-B, MARCH 2019