# Knuckles Komosinski & Manfro LLP

600 E. Crescent Ave., Suite 201 | Upper Saddle River, New Jersey 07458
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

**Partners**
Mark R. Knuckles
Richard F. Komosinski
Jordan J. Manfro
John E. Brigandi

**John E. Brigandi**
(201) 391-0370, ext. 401
jeb@kkmllp.com

January 26, 2021

**Via ECF**
Hon. Vincent L. Briccetti, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    Kuhl v. Rushmore, et al.
            Case No. 19-cv-8403

Dear Judge Briccetti,

This office represents defendants Rushmore Loan Management Services, LLC ("Rushmore"), and U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee for Legacy Mortgage Asset Trust 2018GS-1 ("U.S. Bank") (collectively, "Defendants") in the above-referenced action. Kindly accept this correspondence as Defendants' request for a pre-motion conference in connection with a proposed motion for summary judgment.

## Background

The instant action concerns a dispute regarding a mortgagee's handling of insurance proceeds for a property owned by plaintiff Jonathan Kuhl ("Plaintiff"). Defendants obtained a hazard insurance policy for Plaintiff's property as he defaulted on payment obligations due under a promissory note and residential mortgage owned by U.S. Bank. Defendants subsequently commenced a foreclosure proceeding against Plaintiff. At or about the same time, Plaintiff caused a fire at the property while operating a commercial business in violation of the terms of the mortgage, resulting in significant damage to his property. The insurance proceeds were distributed to Defendants who obtained the policy, and were paying the premiums.

The crux of Plaintiff's claims herein is that Defendants wrongfully withheld the insurance proceeds from him. However, Defendants have repeatedly advised the funds could be released to Plaintiff if he submitted documentation in accordance with their Process Guidelines, such as a contractor bid from a licensed contractor to perform the repairs on the property. The Process Guidelines are implemented to ensure Defendants' collateral is preserved. This is particularly important here, as the

Case 7:19-cv-08403-VB   Document 57   Filed 01/26/21   Page 2 of 3

Knuckles Komosinski & Manfro LLP     600 E. Crescent Ave., Suite 201 | Upper Saddle River, NJ 07458     Page 2 of 3
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

property suffered significant damage due to the fire caused by Plaintiff's business operation. Despite numerous attempts to have Plaintiff provide the requisite information to distribute the insurance proceeds, including proof that the repairs will be completed by a licensed contractor, Plaintiff insisted that he will perform the repairs himself. He further demanded the entire sum of the insurance proceed be immediately provided to him, despite not making a single payment on his mortgage loan in 3 years, nor paying taxes or insurance, all of which is being carried by Defendants. Notwithstanding Plaintiff's failure to submit the proper documentation, the Process Guidelines do not permit an immediate distribution of the insurance proceeds as demanded by Plaintiff. Rather, the proceeds are disbursed at various stages of work being performed to ensure that the property is properly being repaired.

As Defendants refused to comply with Plaintiff's demands, he filed this action against Rushmore asserting causes of action for breach of fiduciary duty, and for equitable relief. Plaintiff additionally asserted a cause of action against U.S. Bank for its alleged failure to provide him with timely notice that his mortgage loan was transferred to it.

## Relevant Procedural History

Defendants filed an Answer to Plaintiff's Complaint denying any liability associated with the claims herein. The parties recently completed written discovery, and the fact discovery deadline is approaching for March 1, 2021. Plaintiff has indicated he will not be obtaining an expert witness.

## Analysis of Claims

Plaintiff's first cause of action asserts a violation of the Truth in Lending Act ("TILA") 15 U.S.C. §1641(g) against U.S. Bank for its purported failure to provide notice that his mortgage loan was transferred to U.S. Bank, within thirty days of such transfer. This claim is both time-barred, and without factual merit. A claim under §1641(g)(1) must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. 1640(e). Plaintiff's loan was sold to U.S. Bank on May 14, 2018. As such, Rushmore as the mortgage loan servicer for U.S. Bank, timely sent a Notice of Sale of Ownership of Mortgage Loan to Plaintiff on June 11, 2018. Thus, U.S. Bank complied with its obligations under §1641(g), and Plaintiff's first cause of action filed on September 10, 2019, is untimely. To the extent that Plaintiff contends that U.S. Bank did not obtain ownership of the mortgage loan until February 14, 2019, he is simply incorrect. The assignment of mortgage dated February 14, 2019, which Plaintiff relies upon, is irrelevant to demonstrate when U.S. Bank acquired ownership of the mortgage loan. Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d 355, 362 (2015).

Plaintiff's remaining claims against Rushmore for breach of fiduciary duty and for equitable relief (Counts three and four) are also without merit. Under New York

Case 7:19-cv-08403-VB   Document 57   Filed 01/26/21   Page 3 of 3

Knuckles Komosinski & Manfro LLP    600 E. Crescent Ave., Suite 201 | Upper Saddle River, NJ 07458    Page 3 of 3
Tel (201) 391-0370 | eFax (201) 781-6744 | www.kkmllp.com

law, to prove a claim for breach of fiduciary duty a plaintiff must demonstrate "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." Varveris v. Zacharakos, 110 A.D.3d 1059, 1059 (2nd Dep't. 2013). Plaintiff is unable to establish any of these elements.

As a general rule, New York law provides that the relationship between a borrower and a bank is a contractual one which generally does not give rise to a fiduciary duty. Std. Fed. Bank v. Healy, 7 A.D.3d 610, 612 (2nd Dep't. 2004); Bank Leumi Trust Co. of N.Y. v. Block 3102 Corp., 180 A.D.2d 588, 589 (1st Dep't. 1992), lv. denied 80 N.Y.2d 754 (there is no fiduciary duty, absent exceptional circumstances). Under certain circumstances however, a fiduciary relationship may exist in the context of an escrow account. See Hoover v. HSBC Mortg. Corp (USA), 9 F.Supp.3d 223, 253 (N.D.N.Y.) (collecting cases). Generally speaking, this line of cases involve a mortgagee that either misused funds, or failed to make required payments for escrow charges such as real estate taxes, despite borrower making timely payments on the mortgage loan. See Dolan v. Fairbanks Capital Corp., 930 F.Supp.2d 396 (E.D.N.Y. 2013); Casey v. Citibank, N.A., 915 F.Supp.2d 255 (N.D.N.Y 2013); Heller v. First Town Mortgage Corp., 1998 LEXIS 14427 (S.D.N.Y. Sept. 14, 1998); FGH Realty Credit Corp. v Bonati, 226 A.D.2d 188 (1st Dep't. 1996); Healy, 7 A.D.3d at 612; Davis v Dime Sav. Bank of N.Y., 158 A.D.2d 50, 557 N.Y.S.2d 775 (3rd Dep't. 1990); Bauer v. Mellon Mortg. Co., 178 Misc. 2d 234 (Sup. Ct. NY Cnty. June 24, 1998). Defendants are unaware of any cases requiring a lender to distribute insurance proceeds to a borrower in default, under a theory of breach of fiduciary duty, or otherwise. As such, Plaintiff is unable to demonstrate the first element of this cause of action. Even if he could, Plaintiff is unable to demonstrate that Defendants' requirement that he comply with Process Guidelines amounts to misconduct. Nor has Plaintiff produced any documents demonstrating that he has suffered damages caused by Defendants.

For these reasons, Defendants respectfully seek a pre-motion conference with Your Honor. Alternatively, Defendants seek leave to file a motion for summary judgment seeking dismissal of Plaintiff's complaint, with prejudice. A proposed briefing schedule can be provided.

Respectfully Submitted,

/s/ John E. Brigandi
John E. Brigandi


cc: Jonathan Kuhl (via email)